**UNITED STATES, Appellee,**

**v.**

**Kenneth YEO, Defendant, Appellant.**

**No. 91–1074.**

United States Court of Appeals,
First Circuit.

Heard June 3, 1991.

Decided June 21, 1991.

Timothy E. Robbins, by appointment of the Court, with whom Greenberg & Greenberg was on brief, Portland, Me., for defendant, appellant.

Margaret D. McGaughey, Asst. U.S. Atty., Portland, Me., with whom Richard S. Cohen, U.S. Atty., Augusta, Me., and William H. Browder, Jr., Asst. U.S. Atty., were on brief, Bangor, Me., for appellee.

Before BREYER, Chief Judge,
SELYA, Circuit Judge, and PETTINE,*
Senior District Judge.

BREYER, Chief Judge.

Kenneth Yeo appeals his 188–month prison sentence for possession with intent to distribute more than five kilograms of cocaine. 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). First, he claims that the district court should have reduced his sentence by two Guidelines levels because he accepted "personal responsibility" for his crime. *See* U.S.S.G. § 3E1.1. At the time of his arrest, he immediately admitted his full in-

---

* Of the District of Rhode Island, sitting by desig-      nation.

volvement, he turned over the cocaine to the authorities, and he risked his life helping the Government apprehend more important members of the drug ring. He also entered a guilty plea to the crime charged. Thus, he satisfied several of the criteria that the Guidelines list as helpful in determining whether the "acceptance of responsibility" reduction applies. *Id.*, comment. (n. 1).

The problem for the appellant, however, consists of the fact that he did not appear in court for sentencing. He later said he had left town because he wanted to see his father whom he feared might not be alive when he completed his sentence; but he did not later turn himself in—rather, the authorities apprehended him several months after his departure, at which time he gave them a false name.

■ Yeo argues that, given his significant degree of cooperation, his later flight should not be held against him. Indeed, he says that this is one of the extraordinary cases in which a court might adjust his sentence range two levels upward for "obstruction of justice," while simultaneously adjusting it two levels down for "acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n. 4) ("Conduct resulting in an enhancement for [obstruction of justice] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments [for acceptance of responsibility] may apply."). Whether or not this is such an "extraordinary case," however, is a matter for the district court, not this court. The Guidelines state that:

> The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.

*Id.*, comment. (n. 5). Given the appellant's flight, we cannot say that the district court's decision not to award the two-level reduction exceeded its lawful powers.

■ Second, Yeo argues that the court made a mistake in calculating the seriousness of his prior criminal history. He notes that the court is to calculate a total number of "criminal history points" by adding points awarded for sentences in cases that are *not* "related." He points to the definition of "related" which reads as follows:

> Cases are considered related if they (1) occurred on a single occasion, (2) were part of a common scheme or plan, or (3) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2, comment. (n. 3). He then says that several prior convictions described in paragraphs 33 and 39 of the Pre–Sentence Report, and other prior convictions listed in paragraphs 31, 35 and 37, formed part of a "common scheme or plan." Hence the court should have counted them as *one* prior sentence, rather than as two. He points out that ¶¶ 33 and 39, and ¶¶ 31, 35, and 37 respectively consist of several different crimes, all committed during the same period. Therefore, how could the court consolidate 33 with 39, and 31, 35 and 37, without at the same time consolidating the two groups with each other?

The answer to this claim is twofold. First, the sentencing court found that each of the crimes involved in these five paragraphs was a separate crime and was *not* part of a "common scheme or plan." The court could lawfully make this finding. Even though these crimes (which involved theft of rented machinery) all took place within a relatively short period of time (six weeks), each crime involved a separate victim, and took place in a different place on a different date. *See, e.g., United States v. Walling*, 936 F.2d 469, 470 (10th Cir.1991) (counterfeiting offenses that "occurred months apart" and involved "different individuals and ... equipment" were not a common scheme or plan); *see also* U.S.S.G. § 4A1.1, comment. (n. 3) ("[I]f the defendant commits a number of offenses on independent occasions separated by arrests, and the resulting criminal cases are consolidated, ... counting merely three points for this factor will not adequately reflect either the seriousness of the defendant's criminal history or the frequency with which he commits crimes.").

In fact, the reason the court created two separate groups rather than counting each offense separately had nothing to do with whether the crimes were part of a "common scheme or plan." Rather it reflected the different fact that Mr. Yeo was sentenced for all the crimes in the first group on the same day, and all the crimes in the second group on another day. We can find nothing unlawful about this grouping as it simply reflects the application of the third test for "related crimes," namely whether they were consolidated for sentencing. *See* U.S.S.G. § 4A1.2, comment. (n. 3).

The judgment of the district court is

*Affirmed.*