UNITED STATES of America, Appellee,

v.

Stephen DYER, Defendant, Appellant.

No. 93–1045.

United States Court of Appeals,
First Circuit.

Heard June 10, 1993.

Decided June 18, 1993.

Martin J. Ridge, with whom Beagle, Pearce, & Ridge, Portland, ME, was on brief, for appellant.

Margaret D. McGaughey, Asst. U.S. Atty., with whom Jay P. McCloskey, U.S. Atty., and Jonathan Chapman, Asst. U.S. Atty., Portland, ME, were on brief, for the U.S.

Before SELYA, CYR and BOUDIN, Circuit Judges.

PER CURIAM.

In this criminal appeal, defendant-appellant Stephen Dyer challenges his sentence. He makes three claims.

█ 1. Dyer contends that the career offender guidelines, U.S.S.G. §§ 4B1.1, 4B1.2, impermissibly exceed the scope of 28 U.S.C. § 994(h), the pertinent enabling statute and, therefore, could not validly be employed to enhance his sentence. The Third Circuit repudiated precisely the same asseveration in *United States v. Whyte*, 892 F.2d 1170 (3d Cir.1989), *cert. denied*, 494 U.S. 1070, 110 S.Ct. 1793, 108 L.Ed.2d 794 (1990). We think the *Whyte* court correctly upheld the career offender guidelines, and we reject appellant's argument on the basis of *Whyte*. *See id.* at 1174.

2. Next, Dyer contends that his criminal record, though extensive, does not include two predicate offenses of the type necessary to animate the career offender guidelines. This argument was not presented to the district court and is, therefore, waived. *See United States v. Dietz*, 950 F.2d 50, 55 (1st Cir.1991) (stating, in connection with sentencing, that "arguments not seasonably addressed to the trial court may not be raised for the first time in an appellate venue").

**2**

■ Moreover, even if we were to reach the point, we would reject it on the merits. Dyer concedes that he was convicted of a controlled substance offense coming within the ambit of U.S.S.G. § 4B1.2(2).[1] In addition, he was convicted of burglary under 17–A M.R.S.A. § 401(1) (a statute that criminalizes illegal entry into a structure).[2] We have made it abundantly clear that such a crime is properly includable as a predicate offense for purposes of the career offender guidelines. *See, e.g., United States v. Fiore,* 983 F.2d 1, 4 (1st Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1830, 123 L.Ed.2d 458 (1993). And, moreover, consistent with the caselaw, *e.g., id.* at 3; *United States v. Bell,* 966 F.2d 703, 705–06 (1st Cir.1992), we decline appellant's invitation to peek behind the conviction and examine its particular facts. *See Taylor v. United States,* 495 U.S. 575, 600, 110 S.Ct. 2143, 2159, 109 L.Ed.2d 607 (1990).[3]

■ 3. Finally, Dyer contends that the district court impermissibly withheld an offense-level reduction based on acceptance of responsibility. *See* U.S.S.G. § 3E1.1. The key question under section 3E1.1 is not whether a defendant has mouthed "a pat recital of the vocabulary of contrition," but whether he has accepted full responsibility for his part in the offense of conviction by demonstrating "candor and authentic remorse." *United States v. Royer,* 895 F.2d 28, 30 (1st Cir.1990); *accord, e.g., United States v. Uricoechea–Casallas,* 946 F.2d 162, 167 (1st Cir.1991); *United States v. Bradley,* 917 F.2d 601, 606 (1st Cir.1990). The defendant has the task of proving his entitlement to an acceptance-of-responsibility credit, *see Bradley,* 917 F.2d at 606, and the sentencing court's determination to withhold the credit may be set aside only if it is clearly erroneous. *See Royer,* 895 F.2d at 29.

■ We discern no clear error in this instance. Dyer did not appear for his appointed sentencing. He was thereafter apprehended in a hotel room, under an alias. Given Dyer's boycotting of the scheduled day of reckoning, the district court acted well within its lawful power in declining to award him credit for acceptance of responsibility. *See, e.g., United States v. Yeo,* 936 F.2d 628, 628–29 (1st Cir.1991).

We need go no further.[4] Having carefully reviewed the entire record, we conclude, without serious question, that the district court imposed an appropriate, lawfully constituted sentence.

***Affirmed.***

---

1. This offense is described in paragraph 78 of the presentence investigation report (PSI Report).

2. This offense is described in paragraph 52 of the PSI Report.

3. We note in passing that appellant does not come within the narrow exception to *Taylor, see* 495 U.S. at 602, 110 S.Ct. at 2160, as he proffered neither the indictment nor the jury instruc-

tions for the district court's perusal. The appellate record is, of course, similarly barren.

4. Since career offender status requires proof of only two prior convictions for predicate offenses, we need not consider whether, as the lower court ruled, the convictions described in paragraphs 50, 59a and 60, respectively, of the PSI, also qualify as predicate offense convictions.