June 18, 1993

UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

No. 93-1045

UNITED STATES OF AMERICA,

Appellee,

v.

STEPHEN DYER,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, U.S. District Judge]

Before

Selya, Cyr and Boudin, Circuit Judges.

Martin J. Ridge, with whom Beagle, Pearce, & Ridge was on

brief, for appellant.
Margaret D. McGaughey, Assistant United States Attorney,

with whom Jay P. McCloskey, United States Attorney, and Jonathan

Chapman, Assistant United States Attorney, were on brief, for the

United States.

June 18, 1993

Per Curiam. In this criminal appeal, defendant-
Per Curiam.

appellant Stephen Dyer challenges his sentence. He makes three

claims.

1. Dyer contends that the career offender guidelines,

U.S.S.G. 4B1.1, 4B1.2, impermissibly exceed the scope of 28

U.S.C. 994(h), the pertinent enabling statute and, therefore,

could not validly be employed to enhance his sentence. The Third

Circuit repudiated precisely the same asseveration in United

States v. Whyte, 892 F.2d 1170 (3d Cir. 1989), cert. denied, 494

U.S. 1070 (1990). We think the Whyte court correctly upheld the

career offender guidelines, and we reject appellant's argument on

the basis of Whyte. See id. at 1174.

2. Next, Dyer contends that his criminal record,

though extensive, does not include two predicate offenses of the

type necessary to animate the career offender guidelines. This

argument was not presented to the district court and is,

therefore, waived. See United States v. Dietz, 950 F.2d 50, 55

(1st Cir. 1991) (stating, in connection with sentencing, that

"arguments not seasonably addressed to the trial court may not be

raised for the first time in an appellate venue").

Moreover, even if we were to reach the point, we would

reject it on the merits. Dyer concedes that he was convicted of

a controlled substance offense coming within the ambit of

U.S.S.G. 4B1.2(2).1 In addition, he was convicted of burglary

1This offense is described in paragraph 78 of the
presentence investigation report (PSI Report).

2

under 17-A M.R.S.A. 401(1) (a statute that criminalizes illegal

entry into a structure).2 We have made it abundantly clear that

such a crime is properly includable as a predicate offense for

purposes of the career offender guidelines. See, e.g., United

States v. Fiore, 983 F.2d 1, 4 (1st Cir. 1992), cert. denied, 113

S. Ct. 1850 (1993). And, moreover, consistent with the caselaw,

e.g., id. at 3; United States v. Bell, 966 F.2d 703, 705-06 (1st

Cir. 1992), we decline appellant's invitation to peek behind the

conviction and examine its particular facts. See Taylor v.

United States, 495 U.S. 575, 600 (1990).3

3. Finally, Dyer contends that the district court

impermissibly withheld an offense-level reduction based on

acceptance of responsibility. See U.S.S.G. 3E1.1. The key

question under section 3E1.1 is not whether a defendant has

mouthed "a pat recital of the vocabulary of contrition," but

whether he has accepted full responsibility for his part in the

offense of conviction by demonstrating "candor and authentic

remorse." United States v. Royer, 895 F.2d 28, 30 (1st Cir.

1990); accord, e.g., United States v. Uricoechea-Casallas, 946

F.2d 162, 167 (1st Cir. 1991); United States v. Bradley, 917 F.2d

601, 606 (1st Cir. 1990). The defendant has the task of proving

2This offense is described in paragraph 52 of the PSI
Report.

3We note in passing that appellant does not come within the
narrow exception to Taylor, see 495 U.S. at 602, as he proffered

neither the indictment nor the jury instructions for the district
court's perusal. The appellate record is, of course, similarly
barren.

3

his entitlement to an acceptance-of-responsibility credit, see

Bradley, 917 F.2d at 606, and the sentencing court's

determination to withhold the credit may be set aside only if it

is clearly erroneous. See Royer, 895 F.2d at 29.

We discern no clear error in this instance. Dyer did

not appear for his appointed sentencing. He was thereafter

apprehended in a hotel room, under an alias. Given Dyer's

boycotting of the scheduled day of reckoning, the district court

acted well within its lawful power in declining to award him

credit for acceptance of responsibility. See, e.g., United

States v. Yeo, 936 F.2d 628, 628-29 (1st Cir. 1991).

We need go no further.4 Having carefully reviewed the

entire record, we conclude, without serious question, that the

district court imposed an appropriate, lawfully constituted

sentence.

Affirmed.

4Since career offender status requires proof of only two
prior convictions for predicate offenses, we need not consider
whether, as the lower court ruled, the convictions described in
paragraphs 50, 59a and 60, respectively, of the PSI, also qualify
as predicate offense convictions.

4