USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1380 UNITED STATES, Appellee, v. ROBERT M. BARRY, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Robert M. Barry on brief pro se. _______________ Donald K. Stern, United States Attorney, and Robert E. __________________ ___________ Richardson, Assistant United States Attorney, on brief for appellee. __________ ____________________ OCTOBER 16, 1996 ____________________ Per Curiam. Robert M. Barry appeals his sentence __________ for bank robbery in violation of 18 U.S.C. 2113(a). He claims that the district court erred by considering him a career offender pursuant to U.S.S.G. 4B1.1. We disagree.1 1 Under 4B1.1, a career offender is one who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." These two prior convictions must be unrelated. U.S.S.G. 4B1.2(3). The commentary to the guidelines provides, in part, that crimes are "related" if they are part of a "single common scheme or plan." Id. 4A1.2, comment. (n.3). Appellant alleges that ___ his two prior convictions are part of a common plan because they were motivated by the same goal -- the need for arrest and punishment. Both of these prior offenses occurred in 1983, but the similarity between the crimes ends there. In September 1984, appellant pleaded guilty to two counts of bank robbery; appellant committed both robberies in Florida in March 1983. In January 1984, appellant pleaded guilty to charges including assault and battery, assault with intent to murder,  ____________________ 1Because appellant obviously loses on the merits, we 1 decline to address, and therefore express no opinion concerning, his arguments (1) that the district court erred by not ruling on his motion objecting to career offender status and (2) that the rule requiring the sentencing court to treat as unrelated two offenses separated by an intervening arrest is inconsistent with the guideline for computing a defendant's criminal history score.  -2- armed robbery, and rape. These crimes took place in Massachusetts in June 1983. Ordinarily, crimes involving separate victims and occurring at different places and times are not related under U.S.S.G. 4A1.2, even where, unlike here, they are the same type of crime. See United States v. ___ _____________ Yeo, 936 F.2d 628, 629 (1st Cir. 1991)(thefts of rented ___ machinery which took place during a six-week time period are not related, when they involved different victims, and took place on different dates and in different places). Nor does the allegation of a common goal, or motive make the two prior felony convictions part of a "single common scheme or plan." As the Court of Appeals for the Fourth Circuit has recognized, "[s]hared motivation cannot transform two crimes committed three months apart, prosecuted in different jurisdictions, and involving different victims, into one illicit act." United States v. Sanders, 954 F.2d _____________ _______ 227, 232 (4th Cir. 1992)(a robbery of a bank and a murder in the course of a different robbery are not "related" for purposes of determining defendant's career offender status, even though both crimes allegedly were committed to sustain defendant's heroin addiction). See also United States v. _________ ______________ Gelzer, 50 F.3d 1133, 1143 (2d Cir. 1995) (the allegation ______ that a crime spree originated with the hostile environment in which defendant was raised is insufficient to show that the offenses committed during that spree -- thefts of jewelry -- -3- were related; the Commission did not intend that criminal acts "prompted by the same root causes of criminal deviance" constitute a common plan). For the foregoing reasons, the judgment of the district court is affirmed. ________ -4-