USCA1 Opinion

 

United States Court of Appeals

For the First Circuit

No. 01-2639

UNITED STATES OF AMERICA,

Appellee,

v.

ROBERT S. RODRIGUEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

 Selya, Circuit Judge,

Coffin and Cyr, Senior Circuit Judges.

 Bruce Green on brief for appellant.

 Paula D. Silsby, United States Attorney, and Margaret D.
McGaughey, Assistant United States Attorney (Appellate Chief), on
brief for appellee.

November 12, 2002

 SELYA, Circuit Judge. After defendant-appellant Robert
S. Rodriguez pleaded guilty to manufacturing cocaine base (crack
cocaine), the district court sentenced him as a career offender. 
In this appeal, Rodriguez argues that his state-court conviction
for burglary of a building other than a dwelling was improperly
treated as a predicate offense for purposes of the career offender
designation and, accordingly, that his sentence should be vacated. 
We find his argument waived and, in all events, unpersuasive. 
Consequently, we affirm the sentence.

 The background facts are uncontroversial. A federal
grand jury empaneled in the District of Maine returned a second
superseding indictment against the appellant on April 10, 2001. 
All five counts charged narcotics-related offenses. On July 12,
2001, the appellant entered a guilty plea to count 5 (which alleged
a violation of 21 U.S.C. § 841(a)(1)), on the understanding that
the other four counts would be dismissed.

 The probation department prepared a presentence
investigation report (PSI Report). The PSI Report limned a
criminal record that was quite lengthy for a 30-year-old defendant. 
In the litany of offenses, the probation department identified two
prior felony convictions that it viewed as qualifying predicates
and recommended that the appellant be sentenced as a career
offender under USSG §§4B1.1, 4B1.2. The appellant initially
objected to this recommendation on the ground that one of those
prior convictions -- a state-court conviction for burglary of a
structure other than a dwelling -- did not constitute a predicate
offense for purposes of the career offender guideline.

 The district court convened the disposition hearing on
November 8, 2001. At that time, the appellant withdrew his
objection to the PSI Report's characterization of his prior
burglary conviction as a predicate offense. The court thereupon
sentenced him as a career offender, imposed a 160-month
incarcerative term, and dismissed counts 1-4 of the indictment. (1) 
This appeal followed. The matter comes before us on the
government's motion for summary affirmance. See 1st Cir. R. 27(c).

 Under the sentencing guidelines, a defendant is treated
as a career offender if:

 [T]he defendant was at least eighteen years
old at the time the defendant committed the
instant offense; (2) the instant offense of
conviction is a felony that is either a crime
of violence or a controlled substance offense;
and (3) the defendant has at least two prior
felony convictions of either a crime of
violence or a controlled substance offense.

USSG §4B1.1 (2000). The appellant concedes that he meets the first
two criteria. The third provides the battleground on which this
appeal is fought.

 On that point, the appellant admits that his 1989
conviction for distribution of cocaine, entered in a Massachusetts
state court, qualifies as a predicate offense. He maintains,
however, that the second prior conviction on which the government
relies -- a 1996 Maine state conviction for burglary of a building
other than a residence -- does not fall within the ambit of the
career offender guideline. Because the appellant does not dispute
that this conviction took place, but, rather, challenges its legal
sufficiency as a basis for career offender treatment, his appeal
presents a pure question of law. Accordingly, we afford de novo
review. See United States v. Fiore, 983 F.2d 1, 2 (1st Cir. 1992).

 Before reaching the merits of the appellant's challenge,
however, a threshold matter looms. The government asseverates that
the appellant waived the claim that he attempts to advance on
appeal. We turn first to that asseveration.

 A party waives a right when he intentionally relinquishes
or abandons it. Johnson v. Zerbst, 304 U.S. 458, 464 (1938);
United States v. Mitchell, 85 F.3d 800, 807 (1st Cir. 1996). This
is to be distinguished from a situation in which a party fails to
make a timely assertion of a right -- what courts typically call a
"forfeiture." United States v. Olano, 507 U.S. 725, 733 (1993). 
The difference is critical: a waived issue ordinarily cannot be
resurrected on appeal, see, e.g., United States v. Ross, 77 F.3d
1525, 1542 (7th Cir. 1997), whereas a forfeited issue may be
reviewed for plain error, Olano, 507 U.S. at 733-34.

 It is apparent to us that the appellant consciously
waived the issue that he now seeks to debate. Initially, he
objected to the PSI Report, claiming that his 1996 burglary
conviction did not constitute a predicate offense for career
offender purposes. Having identified that issue, he then
deliberately withdrew his objection. Moreover, he reiterated that
withdrawal before the district court both personally and through
counsel. A party who identifies an issue, and then explicitly
withdraws it, has waived the issue. That tenet is applicable here. 
Indeed, it is difficult to conceive of a more conspicuous example
of a knowing and voluntary abandonment of a legal right than what
transpired below. We hold, therefore, that the appellant is bound
by his express waiver and cannot resurrect his forgone challenge to
the legal sufficiency of the predicate offense in this venue. See
United States v. Davis, 121 F.3d 335 338 (7th Cir. 1997); Mitchell,
85 F.3d at 807.

 We hasten to add that, even if the appellant's objection
were open to plain error review, it nonetheless would fail. To
succeed under that standard, an appellant must establish four
things: "(1) that an error occurred (2) which was clear or obvious
and which not only (3) affected the [appellant's] substantial
rights, but also (4) seriously impaired the fairness, integrity, or
public reputation of judicial proceedings." United States v.
Duarte, 246 F.3d 56, 60 (1st Cir. 2001). In this instance, the
appellant cannot make even the first of these showings.

 As to the incidence vel non of error, the appellant's
plaint stands or falls on whether his prior burglary conviction
constitutes a "crime of violence" as that term is used in the
career offender guideline. (2) That conviction occurred in a Maine
state court. The statute of conviction provided in pertinent part
that:

 A person is guilty of burglary if he enters or
surreptitiously remains in a structure,
knowing that he is not licensed or privileged
to do so, with the intent to commit a crime
therein. Burglary is . . . [a] Class B crime
if . . . [t]he violation was against a
structure that is a dwelling place . . . All
other burglary is a Class C crime.

Me. Rev. Stat. Ann. tit 17-A, § 401 (1996). The record makes
manifest that the appellant's offense was a Class C felony (and,
therefore, did not implicate a dwelling).

 Against this backdrop, we turn to the federal sentencing
scheme. The applicable definition is contained in USSG §4B1.2(a)
(quoted supra note 2). Because the Maine burglary statute does not
include as an element the use, attempted use, or threatened use of
force against the person of another, and because the appellant's
burglary conviction does not involve a dwelling, that conviction
cannot be classified as a crime of violence for federal sentencing
purposes unless it "otherwise involves conduct that presents a
serious potential risk of physical injury to another." Id. We
undertake that inquiry.

 In doing so, we do not write on a pristine page. We
encountered this precise issue a decade ago and concluded that a
conviction for breaking and entering a structure other than a
dwelling created such a risk (and, therefore, constituted a crime
of violence within the meaning of the career offender guideline). 
Fiore, 983 F.2d at 4 (holding that burglary of a commercial
building, under an analogous Rhode Island statute, "poses a
potential for episodic violence so substantial as to bring such
burglaries within the . . . crime of violence ambit"). That
holding remains in full force and effect.

 The appellant acknowledges that Fiore is materially
indistinguishable from this case. He argues, however, that Fiore
was wrongly decided and invites us to repudiate it. We decline the
invitation. While the courts of appeals are not unanimous as to
the correctness of Fiore's core holding -- some circuits have
followed in Fiore's footsteps, e.g., United States v. Wilson, 168
F.3d 916, 926 (6th Cir. 1999); United States v. Hascall, 76 F.3d
902, 905 (8th Cir. 1996), and others have not, e.g., United States
v. Spell, 44 F.3d 936, 938 (11th Cir. 1995); United States v.
Smith, 10 F.3d 724, 732-33 (10th Cir. 1993) (per curiam) -- we are
bound by the law of the circuit doctrine. That doctrine "holds a
prior panel decision inviolate absent either the occurrence of a
controlling intervening event (e.g., a Supreme Court opinion on the
point; a ruling of the circuit, sitting en banc; or a statutory
overruling) or, in extremely rare circumstances, where non-controlling but persuasive case law suggests such a course." 
United States v. Chhien, 266 F.3d 1, 11 (1st Cir. 2001); accord
Williams v. Ashland Eng'g Co., 45 F.3d 588, 592 (1st Cir. 1995);
United States v. Wogan, 938 F.2d 1446, 1449 (1st Cir. 1991). 
Neither circumstance exists here.

 That ends the matter. We have steadfastly rejected
earlier entreaties to disavow Fiore, see, e.g., Chhien, 266 F.3d at
11; United States v. Sawyer, 144 F.3d 3, 6 (1st Cir. 1999); United
States v. Dyer, 9 F.3d 1, 2 (1st Cir. 1993), and we see no
justification for reaching a different result today. (3)

 In a last-ditch effort to avoid the force of stare
decisis, the appellant argues that Fiore has been implicitly
overruled by our decision in United States v. Peterson, 233 F.3d
101 (1st Cir. 2000). Implied overrulings are disfavored in the
law, Chhien, 266 F.3d at 11, and we discern no trace of one here.

 In Peterson, this court concluded that the defendant's
conviction under a Rhode Island breaking and entering statute, R.I.
Gen. Laws § 11-8-2, did not qualify as a violent felony within the
"otherwise" clause of the Armed Career Criminal Act (ACCA), 18
U.S.C. § 924(e). Peterson, 233 F.3d at 109. We took pains,
however, to differentiate the case from Fiore. See id. at 110. 
When read together, Peterson and Fiore merely illustrate the truism
that, in certain circumstances, definitional differences exist
between the ACCA and the career offender guideline. See United
States v. Dueno, 171 F.3d 3, 6 (1st Cir. 1999) (stating that
truism); see also Chhien, 266 F.3d at 11 (finding Peterson not
inconsistent with Fiore and noting, inter alia, that "[u]nlike
commercial burglary, . . . the breaking and entering charge in
Peterson did not require proof of specific intent").

 We need go no further. Because it "clearly appear[s]
that no substantial question is presented" in this appeal, 1st Cir.
R. 27 (c), we summarily affirm the appellant's sentence.

Affirmed.
1. The career offender designation was plainly material inasmuch
as it catapulted the appellant's base offense level from 13 to 29. 
In turn, this increased his guideline sentencing range from 30-37
months to 151-188 months.
2. The relevant guideline defines the term as follows:

 (a) The term "crime of violence" means any
offense under federal or state law, punishable
by imprisonment for a term exceeding one year,
that--

 (1) has as an element the use,
attempted use, or threatened use of
physical force against the person of
another, or

 (2) is burglary of a dwelling,
arson, or extortion, involves use of
explosives, or otherwise involves
conduct that presents a serious
potential risk of physical injury to
another.

USSG §4B1.2(a) (2000).
3. It is notable that our earlier cases include two in which we
considered convictions under the same statute that pertains to the
appellant, Me. Rev. Stat. Ann. tit. 17-A, § 401. In those cases,
we held flatly that convictions thereunder for burglaries of
structures other than dwellings qualified as crimes of violence
within the purview of the career offender guideline. See Sawyer,
144 F.3d at 6; Dyer, 9 F.3d at 2.