**UNITED STATES of America**

v.

**Daniel Ralph BISHOP, Defendant.**

**No. CR–04–24–B–W.**

United States District Court,
D. Maine.

Nov. 24, 2004.

Matthew S. Erickson, Law Office of Matthew S. Erickson, Bangor, ME, for Daniel Ralph Bishop (1), Defendant.

Gail Fisk Malone, Office of the U.S. Attorney, District of Maine, Bangor, ME, for USA, Plaintiff.

## ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION OF THE ORDER OF DETENTION PENDING SENTENCING

WOODCOCK, District Judge.

## I. INTRODUCTION

On September 8, 2004, a jury found Defendant Daniel Ralph Bishop guilty of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). Immediately following the verdict, Mr. Bishop asked to be released pending the imposition of sentence, and the Government objected. This Court ruled on September 8, 2004 that Mr. Bishop failed to meet the criteria set forth in 18 U.S.C. § 3143(a)(2) and ordered him detained. On October 7, 2004, Mr. Bishop filed a Motion for Reconsideration, and on October 26, 2004, the Government objected. Because Mr. Bishop has two prior convictions for crimes of violence and has been convicted of a felony, he is not eligible for presentence release, and this Court DENIES the Motion for Reconsideration.

## II. DISCUSSION

### A. The Statutory Provisions for Post–Conviction Detention

18 U.S.C. § 3143(a)[1] establishes the general criteria for release pending the imposition of sentence. In general, a court must order a defendant detained unless it finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community. 18 U.S.C. § 3143(a)(1). This authority is circumscribed, however, by paragraph 2 of § 3143(a).[2] Paragraph 2 restricts the authority to release a defendant awaiting sentencing if that defendant has been found guilty of an offense in a case described in subparagraph (A), (B) or (C) of § 3142(f)(1). See id. § 3143(a)(2). Subsections (A), (B) and (C) refer to the following crimes:

**(A)** a crime of violence;

**(B)** an offense for which the maximum sentence is life imprisonment or death; and,

**(C)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or

1. 18 U.S.C. § 3143(a)(1) states:

Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

2. 18 U.S.C. § 3143(a)(2) provides:

The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless -

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

the Maritime Drug Law Enforcement Act (46 U.S.C.App.1901 et seq.)

*Id.* § 3142(f)(1). Subsection (D) further provides:

> [A]ny felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses.

*Id.*

In such a case, the court must find: (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted or the attorney for the Government has recommended against jail time; and, (2) by clear and convincing evidence, the person is not likely to flee or pose a danger to any other person or the community. *Id.* § 3143(a)(2).

■ Here, Mr. Bishop does not argue there is a substantial likelihood a motion for acquittal or new trial will be granted nor does he assert the Government has recommended no term of imprisonment. Rather, Mr. Bishop argues he should be released pending sentencing because: (1) he is not a flight risk and does not pose a danger to others; (2) he was not convicted of a crime of violence within the meaning of 18 U.S.C. § 3142(f)(1)(A); and, (3) the maximum sentence is ten years, not life imprisonment or death. Mr. Bishop does not address, however, the statutory con-

straint that requires his continued detention.

### B. Prior Convictions of Two or More Crimes of Violence

Mr. Bishop was convicted of a felony on September 8, 2004. Pursuant to § 3142(f)(1)(D), the question is whether he previously had been convicted of "two or more offenses described in subparagraphs (A) through (C)" of § 3142(f)(1), namely, either a crime of violence, an offense for which the maximum sentence is life imprisonment or death, or a certain category of drug offense. *See id.* § 3142(f)(1).

■ The Government submitted information confirming two prior convictions.[3] After indictment on April 4, 1977, Mr. Bishop was convicted in Penobscot County Superior Court on June 3, 1977, of Class B Robbery, a violation of 17–A M.R.S.A. § 651. After indictment on August 23, 1978, he was convicted in Piscataquis County Superior Court of Class C Burglary of a store, a violation of 17–A M.R.S.A. § 401.

Neither subparagraph (B), the offense for which the maximum sentence is life imprisonment or death, nor subparagraph (C), the drug offense, applies to Mr. Bishop's prior convictions. *See id.* The question, therefore, is whether robbery and burglary of a store are "crimes of violence" within the meaning of subparagraph (A). *See id.*

The term "crime of violence" is defined under the Bail Reform Act to include "an offense that has an element of the offense

---

**3.** Mr. Bishop apparently contends this Court cannot consider his prior convictions because they were not proven as such before the Jury. The basis for his position echoes the rationale of *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). However, *Blakely* itself treated "the fact of prior conviction" differently from other facts that could enhance a sentence. *Blakely,* 124 S.Ct. at 2536; *see also Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Since he was previously convicted of both crimes, absent some other reason to attack the convictions, Mr. Bishop cannot now deny what has been uncontrovertibly established in prior proceedings.

the use, attempted use, or threatened use of physical force against the person or property of another" or "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 3156(a)(4); *see also* 18 U.S.C. § 16 (defining "crime of violence" as: "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."). In *United States v. Winter*, 22 F.3d 15, 18 (1st Cir. 1994), the First Circuit set forth the following definition:

> To constitute a crime of violence, a felony must fit into one of several pigeonholes. To be specific, a crime of violence is any state or federal offense punishable by more than one year in prison that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," U.S.S.G. § 4B1.2(1)(i), or (2) reposes on a short list of specially enumerated crimes such as "burglary of a dwelling, arson, or extortion," U.S.S.G. § 4B1.2(1)(ii), or (3) "involves use of explosives," *id.*, or (4) "otherwise involves conduct that presents a serious potential risk of physical injury to another," *id.*

*Winter*, 22 F.3d at 18.

### 1. The Robbery

▉ In 1977, Mr. Bishop was charged with and pleaded guilty to robbery, committing theft "by threatening to use force against Michael Butera, a person present,

with the intent to prevent or overcome the resistance of Michael Butera." This charge, which tracks the language of the statute, 17–A M.R.S.A. § 651(B)(1), also tracks the definition of "crime of violence" in 18 U.S.C. § 3156(a)(4), § 16, and First Circuit case law. Robbery is also one of the crimes expressly listed in Application Note 1 to § 4B1.2 of the Sentencing Guidelines, which defines "crime of violence." U.S.S.G. § 4B1.2, Application Note 1. The robbery charge also tracks the definition of "violent felony" in federal law: "any crime punishable by imprisonment for a term exceeding one year ... that has as an element the ... threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). It is simply beyond argument that robbery is a crime of violence. *See United States v. Bradshaw*, 281 F.3d 278, 281 (1st Cir. 2002), *cert. denied*, 537 U.S. 1049, 123 S.Ct. 660, 154 L.Ed.2d 524 (2002).

### 2. The Burglary

▉ Mr. Bishop's argument that his burglary conviction should not be deemed a "crime of violence" is at least plausible. In the definition of "crime of violence" under § 4B1.1 (Career Offender), the Sentencing Commission's Guidelines make specific reference only to "burglary of a dwelling."[4] U.S.S.G. § 4B1.2, Application Note 1. In contrast, Congress included undifferentiated "burglary" in its list of felonies fitting within the definition of "violent felony" under the Armed Career Criminal Act (ACCA), 18 U.S.C. 924(e)(2)(B). In its Commentary to § 4B1.4, the Commission notes that the definition of "violent felony" under the ACCA, § 924(e)(2), is not identical to the definition of "crime of violence" under Career Offender guideline, § 4B1.1. *Id.*

---

4. This is what the Supreme Court described in *Taylor v. United States*, 495 U.S. 575, 580 n. 3, 592–99, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) as "common law burglary."

§ 4B1.4, Application Note 1. Therefore, there is at least an argument that Mr. Bishop's burglary conviction, which involved the burglary of a store, is not a "crime of violence" within the meaning of § 3142(f)(1)(A). It is not, however, a good argument.

Under Maine law, a person is guilty of burglary if he "enters or surreptitiously remains in a structure knowing that [he] is not licensed or privileged to do so, with the intent to commit a crime therein." 17–A M.R.S.A. § 401. Because the Maine burglary statute does not include as an element the use, attempted use, or threatened use of force against the person of another, and because Mr. Bishop's burglary conviction does not involve a dwelling, that conviction cannot be classified as a crime of violence for federal sentencing purposes unless it "otherwise involves conduct that presents a serious potential risk of physical injury to another." *See* U.S.S.G. § 4B1.2(a)(2). In *United States v. Fiore*, 983 F.2d 1 (1st Cir.1992), the First Circuit concluded that a conviction for breaking and entering a structure other than a dwelling created such a risk and, therefore, constituted a crime of violence within the meaning of the Career Offender guideline. *Fiore*, 983 F.2d at 4 (holding that burglary of a commercial building, under an analogous Rhode Island statute, "poses a potential for episodic violence so substantial as to bring such burglaries within the ... crime of violence ambit"); *see also United States v. Dyer*, 9 F.3d 1, 2 (1st Cir.1993)(holding that a defendant's conviction for violation of 17–A M.R.S.A. § 401 was properly includable as a "predicate offense" for purposes of the Career Offender provisions of the Sentencing Guidelines, U.S.S.G. §§ 4B1.1, 4B1.2).[5] Since a violation of 17–A M.R.S.A. § 401(1) is a "crime of violence" for purposes of Career Offender status, it is also a "crime of violence" for purposes of § 3142(f)(1)(A).

Furthermore, Mr. Bishop's 1978 burglary would constitute a "violent felony"[6] within the meaning of the ACCA.[7] In *Taylor v. United States*, 495 U.S. 575, 588, 110

---

**5.** *United States v. Dyer*, 9 F.3d 1 (1st Cir.1993) is an unpublished opinion and is therefore cited subject to the limitations set forth in First Circuit Local Rule 32.2.

**6.** 18 U.S.C. § 924 provides, in relevant part:

**(B)** the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
**(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
**(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

**7.** Under federal law, Mr. Bishop's 1977 and 1978 convictions qualify as felonies. The penalty for Robbery, 17–A M.R.S.A. § 651, is "a definite period not to exceed 10 years." 17–A M.R.S.A. § 1252(2)(B). The penalty for Class C Burglary, 17–A M.R.S.A. § 401, is "a definite period not to exceed 5 years." 17–A M.R.S.A. § 1252(2)(C). Maine law has eliminated the distinction between felonies and misdemeanors, *but see* 17–A M.R.S.A. § 202 (Felony Murder); however, a crime the potential sentence for which exceeds one year has been traditionally deemed a felony. *United States v. Shepard*, 348 F.3d 308, 309 (1st Cir. 2003), *cert. granted*, —— U.S. ——, 124 S.Ct. 2871, 159 L.Ed.2d 775 (2004); *see also* 18 U.S.C. § 924(e)(2)(B)(ii), § 3581(b)(5), (6); Melvyn Zarr, *Sentencing*, 28 Me. L.Rev. 117, 118 n. 7 (1976)("The terms, 'misdemeanor' and 'felony' are rejected by the Code as useless 'pejoratives,' *Introduction to Proposed Code* XIX. However, the penalties for class A through C crimes correspond to what were penalties for felonies, and penalties for class D and E crimes correspond to what were penalties for misdemeanors.").

S.Ct. 2143, 109 L.Ed.2d 607 (1990), the Supreme Court recognized that Congress included all types of burglaries as predicate offenses of the ACCA because every burglary inherently presents a serious potential risk of physical injury to another.[8] The Supreme Court refused to divide burglary into "a subclass of burglaries whose elements include 'conduct that presents a serious risk of physical injury to another,' over and above the risk inherent in ordinary burglaries." *Taylor*, 495 U.S. at 597, 110 S.Ct. 2143. *Taylor* also concluded that "burglary" in § 924(e) "must have some uniform definition independent of the labels employed by the various States' criminal codes." *Id.* at 592, 110 S.Ct. 2143. Under *Taylor*, a "burglary" for purposes of § 924(e) is not restricted to a burglary of a dwelling. The First Circuit has stated that the terms "violent felony" and "crime of violence" are substantially similar and "authority interpreting one phrase frequently is found to be persuasive in interpreting the other phrase." *Winter*, 22 F.3d at 18 n. 3.

This Court concludes that Mr. Bishop's 1978 burglary is a "crime of violence" within the meaning of § 3142(f)(1)(A), and therefore he has been convicted of "two or more offenses" described in subparagraph (A).

## III. CONCLUSION

Mr. Bishop has been convicted of two prior "crimes of violence" under § 3142(f)(1)(A). In order to be released after conviction and before sentencing, he must demonstrate that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the Government has recommended no jail time. Neither criterion has been met in this case, and therefore he is not eligible for presentence release. Defendant's Motion for Reconsideration of this Court's Order of Detention Pending Sentencing is DENIED.

---

8. 17–A M.R.S.A. § 401(1) does not distinguish between burglarizing a dwelling and a store.