FILED
United States Court of Appeals
Tenth Circuit

July 8, 2008

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA

　　Plaintiff - Appellee,

v.

RICHARD LEE CUMMINGS,

　　Defendant - Appellant.

No. 07-8004

---

**Appeal from the United States District Court
for the District of Wyoming
(D.C. No. 2:06-CR-00225-ABJ)**

---

Daniel G. Blythe, Assistant Federal Public Defender (Raymond P. Moore, Federal Public Defender, with him on the briefs), Cheyenne, WY, for Defendant - Appellant

Kerry J. Jacobson, Assistant United States Attorney (Matthew H. Mead, United States Attorney, with her on the brief), Lander, WY, for Plaintiff - Appellee

---

Before **MCCONNELL**, **SEYMOUR**, and **EBEL**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

　　Defendant-Appellant Richard Cummings appeals his fifteen-year statutory mandatory minimum sentence imposed pursuant to 18 U.S.C. § 924(e).

Cummings contends that his three prior burglary convictions under Maine law do not qualify as "violent felonies" for the purposes of § 924(e). We disagree. The district court properly sentenced Cummings pursuant to § 924(e) because the Maine burglary statute is consistent with the generic definition of burglary the Supreme Court adopted in <u>Taylor v. United States</u>, 495 U.S. 575 (1990). We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

## I.

On October 23, 2006, Cummings, pursuant to a plea agreement, pleaded guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). This guilty plea subjected Cummings to a possible sentence of not more than ten years pursuant to 18 U.S.C. § 924(a)(2) and a possible sentence enhancement to a statutory mandatory minimum sentence of fifteen years pursuant to the Armed Career Criminal Act ("ACCA" or the "Act"), 18 U.S.C. § 924(e). Prior to sentencing, the United States Probation Office prepared a presentence investigation report ("PSR") that described Cummings's criminal history, which included one robbery conviction, three burglary convictions, one car burglary conviction, and one reckless conduct conviction. Based on these convictions and pursuant to the Armed Career Criminal provision in the sentencing guidelines, U.S.S.G. § 4B1.4, the Probation Office recommended an offense level of 31, which also reflected a three-level reduction for Cummings's acceptance of responsibility.

At sentencing, Cummings contested the Government's claim that he qualified for sentencing under the ACCA. He asserted that the three Maine burglary convictions did not qualify as "violent felonies" under 18 U.S.C. § 924(e) because the Maine statute was broader than the generic burglary definition the Supreme Court adopted in Taylor v. United States, 495 U.S. 575 (1990). The district court disagreed and sentenced Cummings to the mandatory minimum sentence pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. Subsequent to sentencing, Cummings filed this timely appeal raising his objections to the sentence.[1]

## II.

The ACCA mandates a fifteen-year statutory minimum sentence for any person that violates 18 U.S.C. § 922(g) and has three prior convictions for "violent felonies." See 18 U.S.C. § 924(e).[2] The ACCA's definition of "violent

---

[1] In addition to his argument that convictions pursuant to the Maine burglary statute do not qualify as violent felonies, Cummings also contends that his one car burglary conviction does not count as a violent felony. Because we conclude that his three burglary convictions constitute the predicate offenses necessary for a sentence imposed pursuant to § 924(e), we do not reach this issue.

[2] 18 U.S.C. § 924(e) provides, in pertinent part:
In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . .
     (2)(B) the term "violent felony" means any crime punishable
(continued...)

felony" includes, but does not define, burglary. The Supreme Court, however, has interpreted § 924(e) to apply to all "generic" burglaries with the following elements: "[1] an unlawful or unprivileged entry into, or remaining in, [2] a building or other structure, [3] with intent to commit a crime." Taylor, 495 U.S. at 598.

**A.**

To determine whether a particular burglary conviction qualifies as a violent felony, we apply a two-step analysis. First, we look only to "the fact of conviction and the statutory definition of the prior offense" to determine if that definition fits within the generic meaning of burglary. Id. at 602. Pursuant to the terms of this "categorical approach," id., we do not apply "legal imagination to a state statute's language." Gonzales v. Duenas-Alvarez, 127 S. Ct. 815, 822 (2007). Thus, to conclude that a statutory definition extends beyond the generic definition of a crime "requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." Id. If we conclude that the statutory definition is congruent with the generic definition, our inquiry ends. Taylor, 495 U.S. at 602. If instead, we conclude that the statute covers conduct that is broader than the

---

[2](...continued)
by imprisonment for a term exceeding one year . . . that–
 . . .
  (ii) is burglary . . .
18 U.S.C. § 924(e).

generic definition, we turn to the second step of our analysis and review the charging documents, plea agreement, and plea colloquy or comparable judicial documents to determine if the facts of the case limit the crime to fit within the bounds of the generic definition. Shepard v. United States, 544 U.S. 13, 26 (2005).

The Maine statutory definition of burglary is remarkably similar to the generic definition: "enter[ing] or surreptitiously remain[ing] in a structure knowing that that person is not licensed or privileged to do so, with the intent to commit a crime therein." Me. Rev. Stat. Ann. tit. 17-A, § 401. Unlike the Taylor definition—which leaves "structure" undefined—the Maine statute defines structure as "a building or other place designed to provide protection for persons or property against weather or intrusion, but does not include vehicles or other conveyances whose primary purpose is transportation." Id. § 2(24).

In spite of these similarities, Cummings contends that we should move beyond the categorical approach and look to the charging documents because the definition of "structure"—specifically the phrase "or other place designed to provide protection"—pushes the Maine statutory definition beyond the bounds of the generic definition. We find this argument unconvincing for three reasons. First, the generic definition broadly construes the possible settings for burglary. Taylor, 495 U.S. at 598. The Taylor Court did not restrict the definition to include only buildings; instead, the definition addresses conduct in "a building or

- 5 -

other structure." Id. (emphasis added). In light of this explicit language, we decline Cummings's invitation to find the phrase "or other structure" superfluous. The phrase dictates that the generic definition encompasses both buildings and less complete structures. Therefore, we conclude that the Maine statute is consistent with the generic definition.

Second, decisions from other federal courts—which have interpreted the Maine statute in a similar fashion—bolster our conclusion. The United States District Court for the District of Maine concluded that a conviction pursuant to the Maine burglary statute "would constitute a 'violent felony' within the meaning of the ACCA." United States v. Bishop, 350 F. Supp. 2d 127, 131–32 (D. Me. 2004). Similarly, in its analysis of the Maine statute for purposes of the sentencing guidelines, the First Circuit determined that "[a]ll of the elements of generic burglary are included in the [Maine] statute." United States v. Sawyer, 144 F.3d 191, 196 (1st Cir. 1998).

Finally, how the Maine courts have applied the burglary statute indicates that there is not a "realistic probability" that the statute strays beyond the generic definition. See Duenas-Alvarez, 127 S. Ct. at 822. We have found no case where the Maine courts applied the burglary statute to a setting that would suggest that the statute encompasses conduct that strays beyond the bounds of the generic definition. Accordingly, there is no realistic probability that the Maine courts construe the statute in the expansive manner underlying Cummings's argument.

In light of this and the above mentioned reasons, we hold that the Maine burglary statute is coterminous with the Taylor generic definition of burglary.

**B.**

Although the categorical approach fully resolves the issue raised in this appeal, we briefly note that the charging documents also corroborate our conclusion. Each charging document explicitly states that Cummings "enter[ed] a certain structure." Thus, the plain language of each charging document demonstrates that the burglary settings are consistent with the generic definition. See United States v. King, 422 F.3d 1055, 1058 (10th Cir. 2005) (holding that the district court properly sentenced the defendant under the ACCA because the charging document used the word "structure" and therefore "establish[ed] that [the defendant] was convicted for unlawfully entering a structure.").

**III.**

To prevail on appeal, Cummings must demonstrate that his three Maine burglary convictions are inconsistent with the generic definition the Court adopted in Taylor. Pursuant to the categorical approach, it is clear that the Maine statute is coterminous with the generic definition, and thus, the district court properly sentenced Cummings under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. Accordingly, we AFFIRM the sentence.