UNITED STATES of America,
Plaintiff,

v.

Billy Roy MYERS, Defendant.

No. CRIM.A. 2:02–00264.

United States District Court,
S.D. West Virginia,
Charleston Division.

June 30, 2003.

Steven I. Loew, Assistant United States Attorney, Charleston, for the United States.

David R. Bungard, Assistant Federal Public Defender, Charleston, for Defendant Billy Roy Myers.

## MEMORANDUM OPINION
## AND ORDER

GOODWIN, District Judge.

This matter came before the court on the government's objection to the defendant's Presentence Investigation Report (PSR). The court overruled the government's objection to the PSR at the defendant's sentencing hearing on May 13, 2003. The court **FOUND** that the defendant's prior state convictions for burglaries of commercial dwellings were not "crimes of violence" for purposes of sentence enhancement under section 2K2.1(a)(2) of the United States Sentencing Guidelines (U.S.S.G. or Guidelines) and the career enhancement provisions of the Guidelines. The court now writes to explain that ruling.

### I. Facts

On February 3, 2003, the defendant, Billy Roy Myers, pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 922(a)(2). Thereafter, the probation office conducted a presentence investigation and prepared a PSR. Under § 2K2.1(a)(2), a defendant receives an enhanced sentence if he has committed at least two prior felonies that constitute "crimes of violence." U.S.S.G. § 2K2.1(a)(2). The PSR did not include a recommendation that the defendant be sentenced to an enhanced prison term under § 2K2.1(a)(2), as it did not classify the defendant's two prior felony convictions as "crimes of violence." Specifically, the defendant's criminal history included the following: (1) a conviction on April 3, 1995 in the Circuit Court of Raleigh County, West Virginia for breaking and entering into a commercial business, in violation of W. Va. Code § 61–3–12, and (2) a conviction on November 14, 1996 in the Circuit Court of Ritchie County, West Virginia for entering without breaking into a commercial business, also in violation of W. Va.Code § 61–3–12. The government filed an objection to the PSR seeking sentence enhancement under § 2K2.1(a)(2), contending that burglary of a commercial building is a "crime of violence." The court determined that the defendant's two prior convictions were not "crimes of violence" for the purposes of § 2K2.1(a)(2), and sentenced the defendant to thirty months in prison.

### II. Discussion

The issue is whether convictions in violation of W. Va.Code § 61–3–12 are "crimes of violence" for purposes of sentence enhancement under U.S.S.G. § 2K2.1(a)(2). For purposes of § 2K2.1(a)(2), a "crime of violence" is defined in § 4B1.2(a), the definitional section for the career offender section of the Guidelines. *See* U.S.S.G. § 2K2.1, cmt. n. 5. Section 4B1.2(a) defines "crime of violence" as any offense, whether federal or state, punishable by imprisonment for a term exceeding one year that

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is *burglary of a dwelling,* arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2(a) (emphasis added). The commentary to § 4B1.2(a) states:

> "Crime of violence" includes … *burglary of a dwelling.* Other offenses are included as "crimes of violence" if (A) that offense has an element the use, attempted use, or threatened use of physical force against the person of another, or (B) *the conduct set forth (i.e., expressly charged) in the court of which the defendant was convicted* … by its nature, presented a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2, cmt. n. 1 (emphasis added). These provisions make clear that "burglary of a dwelling" is a crime of violence. U.S.S.G. § 4B1.2(a)(2). In this case, however, the defendant's prior convictions involve felonious entries into commercial buildings. The only way the court could enhance this defendant's sentence pursuant to § 2K2.1(a)(2) would be to find, as a matter of law, that felonious entries of buildings other than dwellings are crimes of violence under the "otherwise" clause of § 4B1.2(a)(2).

To determine whether a prior felony conviction constitutes a crime of violence under the "otherwise" clause of § 4B1.2(a)(2), "[the] sentencing court must determine as a matter of law whether the elements of the prior offense for which the defendant was convicted involved conduct that presented a serious risk of physical injury to another .... Thus, it must use a categorical approach." *United States v. Kirksey*, 138 F.3d 120, 124 (4th Cir.1998). When using the categorical approach, the court is only permitted to examine "(1) the

fact of conviction and (2) the definition of the prior offense." *Id.* (citations omitted). The government therefore asserts that this court should take the Fourth Circuit's "categorical approach" and rely upon the Supreme Court's decision in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), to conclude that all non-residential burglaries are crimes of violence under the Guidelines.[1]

In *Taylor*, the Supreme Court held that the word "burglary" in 18 U.S.C. § 924(e)[2] had a uniform federal definition for purposes of determining whether a defendant had committed a "violent felony" under the career offender provision of the Armed Career Criminal Act of 1986 (ACCA), 18 U.S.C. § 924(e)(2)(B). *Taylor*, 495 U.S. at 599, 110 S.Ct. 2143. The language in this provision is almost identical to the language in § 4B1.2(1)(ii); however, the ACCA contains no limiting language requiring a burglary to be "of a dwelling" in order to qualify as a "crime of violence" for purposes of sentence enhancement. Accordingly, while the explicit terms of the

---

**1.** Other circuits are divided on the issue of whether burglary of a commercial building is a crime of violence under the Guidelines. In *United States v. Fiore*, 983 F.2d 1 (1st Cir. 1992), the First Circuit relied upon *Taylor* to conclude that all non-residential burglaries are crimes of violence under the "otherwise" clause of § 4B1.2(a)(2) of the Guidelines. *Id.* at 5. In *United States v. Smith*, 10 F.3d 724 (10th Cir.1993) (per curiam), the Tenth Circuit declined to follow *Fiore* and held that commercial burglary is not a crime of violence under the "otherwise" clause of § 4B1.2(a)(2). *Id.* at 732–33. As the Tenth Circuit explained:

> The Commission promulgated its career offender provisions in Section 4B1.1 and 4B1.2 pursuant to a mandate from Congress. 18 U.S.C. § 944(h). It originally defined "crime of violence" by reference to 18 U.S.C. § 16, but later replaced this definition with one patterned after § 924(e)(2)(B), with one significant difference. The Commission's definition con-

> spicuously omitted burglary, with the single exception of "burglary *of a dwelling* " ....
> In summary, the question of whether a "mere" unlawful entry of a non-dwelling for the purpose of stealing property is regarded as conduct which presents a "serious potential risk of physical harm to others," and is therefore a "crime of violence," comes down to a policy judgment. Congress says it does. The Sentencing Commission, however, says it does not.

*Id.* at 733 (internal citations omitted). This court finds the Tenth Circuit's reasoning persuasive.

**2.** Section 924(e)(2)(B)(ii) indicates that an offense may qualify as a "violent felony" for purposes of sentence enhancement if it "is *burglary*, ... or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* This provision is identical to that contained in § 4B2.1(a)(2), except for the absence of the phrase "of a dwelling" following the term "burglary."

career offender provision of the ACCA permit both residential and non-residential burglaries to qualify as predicate offenses, a plain reading of § 4B1.2(a)(2) indicates that the Sentencing Commission intended burglaries of non-dwellings to be excluded from the violent crime category.[3] *See United States v. Spell,* 44 F.3d 936, 938 (11th Cir.1995); *United States v. Smith,* 10 F.3d 724, 732 (10th Cir.1993) (per curiam).

Furthermore, and even more significantly, the Fourth Circuit has already decided this precise issue in *United States v. Harrison,* 58 F.3d 115 (4th Cir.1995). In *Harrison,* the Fourth Circuit concluded that burglary of a commercial structure is not a "crime of violence" for purposes of determining career offender status. *Id.* at 119. The defendant pled guilty to the offense of conspiracy to import marijuana and cocaine. *Id.* at 116. At sentencing, the district court found that the defendant had forty-five criminal history points, which placed the defendant in Criminal History Category VI. *Id.* The district court then decided to depart upwards because it found that the defendant's criminal history category "[did] not reflect the seriousness of [his] past criminal conduct, or the likelihood that he [would] commit other

crimes." *Id.* at 117. However, the district court did not make the required level-by-level findings to justify its departure from offense level twenty-seven to thirty. *Id.* Accordingly, one of the issues before the Fourth Circuit was whether the district court properly departed upwards pursuant to the *de facto* career offender method set forth in *United States v. Cash,* 983 F.2d 558 (4th Cir.1992).[4] *Id.* at 118.

On appeal, the defendant argued that the district court could not employ the *de facto* career offender method because some of his "prior predicate convictions [could] not be counted." *Id.* at 118–19 (quotation omitted). The Fourth Circuit agreed with the defendant's argument and stated the following:

[The defendant] satisfies the age and the instant offense requirements for treatment as a career offender under § 4B1.1. However, only [the defendant's] three 1984 breaking and entering convictions may possibly qualify as predicate convictions under U.S.S.G. § 4B1.2 as his post–1984 breaking and entering convictions all involved burglaries of commercial structures, and thus do not qualify as crimes of violence. *See* § 4B1.2, comment. (n.2). The PSR does

---

**3.** The Sentencing Commission's actions on this issue have not been particularly instructive. The original version of the Application Notes to § 4B1.2 specifically excluded burglary of a commercial building by stating, "[c]onviction for burglary of a dwelling would be covered; conviction for burglary of other structures would not be covered." *See* U.S.S.G.App. C., Am. 268. A 1989 amendment to § 4B1.2 deleted this example. *Id.* In 1992, the Commission failed to adopt a proposed amendment that would have deleted the words "of a dwelling" in order to include all burglaries, in conformance with the statutory definition in the ACCA. 57 Fed.Reg. 62,-832, 62,856–57 (proposed Dec. 31, 1992). In 1993, the Commission recognized the split between the circuits and proposed that the Application Notes to § 4B1.2 be changed to read: "The term 'crime of violence' includes

burglary of a dwelling (including any adjacent outbuilding considered part of the dwelling). It does not include other kinds of burglary." 58 Fed.Reg. 67,522, 67,533 (proposed Dec. 21, 1993). This proposal was not adopted either.

**4.** Pursuant to *Cash,* the district court may sentence a defendant as a *de facto* career offender when he has "committed two crimes that would qualify as predicate crimes for career offender status, but for some reason cannot be counted." *Id.* at 562. At a minimum, the defendant "has to have been convicted of two prior crimes each of which constitutes either a crime of violence or a controlled substance offense." *Harrison,* 58 F.3d at 118.

not specify whether the 1984 breaking and entering convictions involved dwellings or commercial structures and under U.S.S.G. § 4B1.2 only burglary of a dwelling constitutes a crime of violence. *Id.* at 119. In other words, the Fourth Circuit concluded that the Guideline definition of "crime of violence" specifically excludes non-dwelling burglaries.[5]

The government in this case tries to get around *Harrison* by arguing that the Fourth Circuit's conclusion that burglaries of commercial structures are not crimes of violence is non-binding *dicta.* The Fourth Circuit has defined *dictum* as a "statement in a judicial opinion that could have been deleted without seriously impairing the analytical foundation of the holding—that, being peripheral, may not have received the full and careful consideration of the court that uttered it." *Pittston Co. v. United States*, 199 F.3d 694, 703 (4th Cir. 1999) (quotation and citations omitted); *see also O'Dell v. Netherland*, 95 F.3d 1214, 1235 (4th Cir.1996). The Fourth Circuit's statement in *Harrison* that burglaries of non-dwellings were not to be considered crimes of violence was not *dicta.* The Fourth Circuit found that the district court "was not at liberty to sentence [the defendant] as a *de facto* career offender" because none of his prior convictions qualified as crimes of violence—a statement that could not be deleted from the *Harrison* opinion without seriously impairing the analytical foundations of the decision. In fact, the court's conclusion on this point was necessary to support its holding. Furthermore, other circuits have repeatedly cited *Harrison* as the Fourth Circuit's position on this issue when surveying the circuit split on whether burglary of a commercial building is a crime of violence under the Guidelines. *See United States v. Blahowski*, 324 F.3d 592, 597 n. 8 (8th Cir.2003); *United States v. Hoults*, 240 F.3d 647, 651–52 (7th Cir.2001); *United States v. Wilson*, 168 F.3d 916, 926 n. 7 (6th Cir.1999); *United States v. Sawyer*, 144 F.3d 191, 196 (1st Cir.1998); Thomas W. Hutchinson, et al., *Federal Sentencing Law & Practice*, § 4B1.2, cmt. 3(e)(iii)(C) (2003).

### III. Conclusion

The Fourth Circuit previously has concluded that burglaries of commercial structures are not "crimes of violence" under U.S.S.G. § 4B1.2(a). *Harrison*, 58 F.3d. at 119. In this case, the defendant's two previous state felony convictions for burglary involved only commercial buildings. Accordingly, the defendant's prior convictions for burglaries of commercial dwellings were not "crimes of violence" for purposes of sentence enhancement under U.S.S.G. § 2K2.1(a)(2).

The court **DIRECTS** the Clerk to send a copy of this Order to defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal, and **DIRECTS** the Clerk to post this published opinion at *http://www.wvsd.uscourts.gov.*

---

**5.** *Harrison* was decided under the 1993 version of the Guidelines. Thus, the Fourth Circuit was not referring to the pre–1989 version, which explicitly provided that burglary of a non-dwelling was not a crime of violence. *See supra* note 3. Because *Harrison* applied a version of the Guidelines identical in all relevant respects to the current version, *Harrison* 's ruling remains controlling.