USCA1 Opinion

 

 December 9, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 92-1601 UNITED STATES OF AMERICA, Appellee, v. ANTHONY FIORE, Defendant, Appellant. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ _________________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ _________________________ John F. Cicilline for appellant. _________________ Margaret E. Curran, Assistant United States Attorney, with __________________ whom Lincoln C. Almond, United States Attorney, and James H. __________________ ________ Leavey, Assistant United States Attorney, were on brief, for the ______ United States. _________________________ _________________________ SELYA, Circuit Judge. This appeal asks us to decide a SELYA, Circuit Judge _____________ question of first impression: Does a prior conviction for conspiracy to break and enter a commercial structure qualify as a predicate offense for purposes of the career offender provisions of the federal sentencing guidelines? We answer the question in the affirmative and, therefore, allow the defendant's sentence to stand. Background Background __________ Defendant-appellant Anthony Fiore, a man of mature years but apparent criminal predilection, pleaded guilty to four interconnected felonies, at least one of which constituted a "crime of violence" as that term is defined in U.S.S.G. 4B1.2 (Nov. 1991).1 The district court sentenced Fiore as a career offender. To merit such a sentence, a defendant must be (1) at least eighteen years old at the time of the offense, (2) guilty, presently, of "a felony that is either a crime of violence or a controlled substance offense," and (3) guilty, historically, of "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. 4B1.1 (Nov. 1991). Fiore concedes that he satisfied the first two requirements but denies that his prior record came within the purview of the third requirement. The guidelines define a "crime of violence" as a felony ____________________ 1The offenses of conviction included, inter alia, a charge _____ ____ of carrying a firearm during a crime of violence (the attempted robbery of an armored truck) in violation of 18 U.S.C. 924(c)(1) (1990). 2 that: (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. U.S.S.G. 4B1.2(1) (Nov. 1991). The guidelines define a "controlled substance offense" as any violation of a state or federal law that: prohibit[s] the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense. U.S.S.G. 4B1.2(2) (Nov. 1991). The district court ruled that appellant's two prior convictions under Rhode Island law one for conspiracy to break and enter a commercial premise, the other for conspiracy to violate the state's controlled substance act qualified as predicate offenses, thereby bringing the career offender guideline into play. Since appellant admits that the convictions occurred, his assignment of error hinges on their legal effect. Thus, our review is plenary. See United States v. St. Cyr, ___ ___ _____________ _______ F.2d ___, ___ (1st Cir. 1992) [No. 92-1639, slip op. at 5] (holding that a de novo standard of review applies to __ ____ interpretive questions under the sentencing guidelines). Conspiracies as Predicate Offenses Conspiracies as Predicate Offenses __________________________________ The commentary to the federal sentencing guidelines tells us straightforwardly that conspiracy to commit a predicate 3 offense is itself a predicate offense. See U.S.S.G. 4B1.2, ___ comment. (nn.1,2) (Nov. 1991). We have remarked before that although the Sentencing Commission's "application notes and commentary do not possess the force of law, they are important interpretive aids, entitled to considerable respect." United ______ States v. Weston, 960 F.2d 212, 219 (1st Cir. 1992). In general, ______ ______ we will defer to the Commission's suggested interpretation of a guideline provision unless the Commission's position is arbitrary, unreasonable, inconsistent with the guideline's text, or contrary to law. See, e.g., United States v. Joshua, ___ F.2d ___ ____ _____________ ______ ___, ___ (3d Cir. 1992) [No. 91-3286, 1992 U.S. App. LEXIS 24787 at * 33-38]; United States v. Anderson, 942 F.2d 606, 613-14 (9th _____________ ________ Cir. 1991) (en banc). In this instance, we are unable to discern any cogent reason for rejecting the Commission's view. For one thing, while we have unearthed no appellate case on all fours, reported judicial opinions in analogous situations suggest that most courts would likely agree that deference is warranted here. The case closest in point is United ______ States v. Smith, 909 F.2d 1164 (8th Cir. 1990), cert. denied, 111 ______ _____ _____ ______ S.Ct. 691 (1991), in which the Eighth Circuit held that a prior conviction for conspiring to sell LSD, although charged under a general conspiracy statute, was a controlled substance offense and, hence, a proper predicate under the career offender guideline. See id. at 1168. Other instructive cases point in ___ ___ the same direction. See, e.g., United States v. Liranzo, 944 ___ ____ _____________ _______ F.2d 73, 78 (2d Cir. 1991) (deferring to the commentary in 4 deciding that an attempt conviction was a predicate offense); United States v. Preston, 910 F.2d 81 (3d Cir. 1990) (holding _____________ _______ that conspiracy to commit robbery is a "violent felony" under the Armed Career Criminal Act [ACCA], as amended, 18 U.S.C. 924(e)), cert. denied, 111 S.Ct. 1002 (1991); id. at 86 n.6 _____ ______ ___ (stating in dicta that "conspiring to commit robbery would be considered a 'crime of violence' under the current sentencing guidelines") (citing commentary and application notes); cf. ___ United States v. Payne, 966 F.2d 4, 8-9 (1st Cir. 1992) (deciding _____________ _____ that an attempt was a "violent felony" under the ACCA).2 The case law, then, furnishes strong support for the ruling below. For another thing, we believe that Taylor v. United ______ ______ States, 495 U.S. 575 (1990), relied upon by both the appellant ______ and the government, is entirely consistent with the Commission's (and the district court's) view that conspiracy convictions can serve as predicate offenses. In interpreting the ACCA, the Taylor Court adopted "a formal categorical approach" for ______ determining whether an offense is a violent felony. Id. at 600. ___ Under such an approach, an inquiring tribunal "look[s] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Id. Although ___ ____________________ 2The definition of "violent felony" in the ACCA's sentence enhancement provision is the source of the language used in defining a "crime of violence" under U.S.S.G. 4B1.2 (Nov. 1991). See Preston, 910 F.2d at 86 n.6; U.S.S.G., App. C, amend. ___ _______ 268, at C.139 (Nov. 1989). Decisions interpreting the ACCA constitute persuasive authority when a court is called upon to construe the career offender guideline. See United States v. ___ _____________ Bell, 966 F.2d 703, 705 (1st Cir. 1992). ____ 5 Taylor is an ACCA case, it is the beacon by which we must steer. ______ See United States v. Bell, 966 F.2d 703, 705-06 (1st Cir. 1992) ___ _____________ ____ (explaining that Taylor furnishes the methodology of choice for ______ determining whether specific felonies constitute crimes of violence under the career offender provisions of the sentencing guidelines). Appellant suggests that, because some conspiracy convictions will not be predicate offenses for example, a conspiracy to barter migratory birds or to sell forged securities would plainly fall outside the scope of U.S.S.G. 4B1.1 Taylor's categorical approach requires a finding that all ______ conspiracy convictions are exempt from "predicate offense" treatment. While we recognize that this suggestion offers a certain seductive simplicity, we think that it twists Taylor's ______ message. The Taylor Court understood the categorical approach as ______ one designed "to capture all offenses of a certain level of seriousness that involve violence or an inherent risk thereof, and that are likely to be committed by career offenders." Taylor, 495 U.S. at 590. To implement this objective in the ______ present context, it is not enough to focus on the word "conspiracy" alone, for that superficial label says next to nothing about the underlying nature of the crime and, therefore, about whether it should be classified as a crime of violence or a controlled substance offense. Instead, one must ask, and answer, the more specific question "conspiracy to do what?" in order to implement Taylor. After all, a conspiracy, not unlike a ______ 6 chameleon, will necessarily take on the characteristics and coloration of its environment. The object of the conspiracy is, therefore, a critical determinant. When the line that defines the categories is drawn in the proper place, the Sentencing Commission's recommendation meshes neatly with the Taylor Court's methodology.3 The need to ______ implement Taylor's categorical approach in a sensible fashion, ______ the clear language of the commentary, and the case law as it has evolved in related matters all converge. We hold, therefore, that conspiracy convictions can serve as predicate offenses under the career offender provisions of the federal sentencing guidelines.4 ____________________ 3Contrary to appellant's insinuation, the line can be drawn at the point where conspiracy-plus-object is determined without engaging in an "elaborate factfinding process" of the sort debunked by the Court. Taylor, 495 U.S. at 601. A judge need ______ only inspect the indictment or other charging papers to complete the phrase "conspiracy to commit _____" and, thus, effectuate the Taylor inquiry. Cf. United States v. Leavitt, 925 F.2d 516, 517- ______ ___ _____________ _______ 18 (1st Cir. 1991) (holding that the categorical approach permits a court to peruse the indictment to determine whether a crime qualifies as a predicate offense under the career offender guideline). 4In a last-ditch effort to avoid the guideline, appellant argues that, inasmuch as Rhode Island's general conspiracy statute does not require proof of an overt act, see State v. ___ _____ Brown, 486 A.2d 595, 601 (R.I. 1985); R.I. Gen. Laws 11-1-6 _____ (1981), a conviction under it cannot be a predicate "crime of violence" because a defendant need not have engaged in conduct presenting a direct risk of injury to another in order to be found guilty. If such an exception existed, however, it would swallow the rule. Many conspiracy statutes are cut from the same cloth as Rhode Island's statute. See, e.g., United States v. ___ ____ _____________ Paiva, 892 F.2d 148, 155 (1st Cir. 1989) (explaining operation of _____ federal drug conspiracy statute). And even conspiracy statutes that contain an overt act requirement often stop short of demanding proof that the defendant personally engaged in conduct of the sort appellant identifies. See, e.g., United States v. ___ ____ _____________ 7 Appellant's Conspiracy Convictions Appellant's Conspiracy Convictions __________________________________ Appellant has a fallback position. He asserts that, even if some conspiracies are predicate offenses for purposes of ____ the career offender guideline, his conviction for conspiracy to break and enter a commercial premise is not within that grouping because the underlying crime is not a crime of violence.5 Appellant's thesis runs along the following lines: the offense was committed in Rhode Island; under R.I. Gen. Laws 11-8-4 (1991),6 the offense did not have as an element the use, attempted use, or threatened use of force against the person of another as contemplated by U.S.S.G. 4B1.2(1)(i) (Nov. 1991); and, moreover, the sample offenses enumerated in U.S.S.G. ____________________ Notarantonio, 758 F.2d 777, 788 (1st Cir. 1985) (explaining that, ____________ under the federal general conspiracy statute, an overt act by any one co-conspirator suffices to satisfy that element of the offense for all co-conspirators). Given these realities, we find appellant's argument unconvincing. 5Appellant does not contend that his conviction for conspiracy to violate state narcotic laws slips through the same loophole. 6The Rhode Island commercial burglary statute, which was in effect at the date of the original offense, reads as follows: Every person who shall break and enter any bank, shop, office or warehouse, not adjoining to or occupied as a dwelling house, any meeting house, church, chapel, courthouse, town house, college, academy, schoolhouse, library or other building erected for public use or occupied for any public purpose or any ship or vessel, in the nighttime, with intent to commit murder, rape, robbery or larceny, shall be imprisoned not exceeding ten (10) years. R.I. Gen. Laws 11-8-4. It is undisputed that, in Fiore's case, the charge involved a commercial building, not a ship or vessel. 8 4B1.2(1)(ii) (Nov. 1991) include burglary of a dwelling but not burglary of a commercial premise. In mounting this offensive, appellant conveniently overlooks, or at least neglects to mention, that after enumerating a non-exhaustive list of sample predicates, the guideline proceeds to define as a crime of violence any offense which "otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. ___ In this case, the "otherwise" clause gets the grease from the goose. No less an authority than the Supreme Court has observed that commercial burglaries often "pose a far greater risk of harm" than burglaries of dwelling places. Taylor, 495 ______ U.S. at 594. Moreover, this court has held with echolalic regularity, albeit in the ACCA context, that burglary of a commercial building poses a potential for episodic violence so substantial as to bring such burglaries within the violent felony/crime of violence ambit. See Payne, 966 F.2d at 8 & n.6; ___ _____ United States v. Wilkinson, 926 F.2d 22, 29 (1st Cir.), cert. _____________ _________ _____ denied, 111 S. Ct. 2813 (1991); United States v. Patterson, 882 ______ _____________ _________ F.2d 595, 604 (1st Cir. 1989), cert. denied, 493 U.S. 1027 _____ ______ (1990). The fact that we made this determination in interpreting the ACCA's identically worded "otherwise" clause is a distinction without a difference. See United States v. Doe, 960 F.2d 221, ___ _____________ ___ 225 (1st Cir. 1992); see also supra note 2. Hence, Fiore's state ___ ____ _____ court conviction for conspiracy to commit breaking and entering of a commercial structure comprises a crime of violence under the 9 career offender guideline because the object of the conspiracy satisfies the "otherwise" clause of U.S.S.G. 4B1.2(1)(ii) (Nov. 1991).7 Conclusion Conclusion __________ We need go no further. Because we conclude that (1) prior convictions for conspiracy can qualify as predicate offenses under the career offender provisions of the federal sentencing guidelines, and (2) appellant's earlier conviction for conspiracy to commit breaking and entering of a commercial building is a crime of violence, the judgment below will be Affirmed. Affirmed. _________ ____________________ 7Contrary to appellant's importunings, our conclusion in this regard is not undermined either by an earlier version of the commentary to the career offender guideline or by the case law explicating the outdated version. See, e.g., United States v. ___ ____ ______________ Talbott, 902 F.2d 1129, 1133 (4th Cir. 1990). We see no reason _______ to give credence to commentary that the Sentencing Commission revised well before Fiore committed the instant offenses. This is especially so in light of the Court's subsequent decision in Taylor. ______ 10