USCA1 Opinion

 

 September 28, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1326 PETER N. GEORGACARAKOS, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Peter N. Georgacarakos on brief pro se. ______________________ Jay P. McCloskey, United States Attorney, and Michael M. DuBose, _________________ _________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Appellant Peter Georgacarakos has ___________ appealed from the district court's denial of his motion to correct sentence under 28 U.S.C. 2255. Georgacarakos was found guilty of possessing and distributing cocaine in violation of 21 U.S.C. 841. Because Georgacarakos' criminal history included prior convictions for a controlled substance offense and for burglary of a dwelling, the district court ruled that Georgacarakos was a "career offender" under section 4B1.1 of the sentencing guidelines. The court therefore assigned Georgacarakos an offense level of 32 (including a two-level reduction for acceptance of responsibility) and sentenced him to a term of imprisonment of 260 months plus a six-year term of supervised release following incarceration. To be sentenced as a career offender under the sentencing guidelines, a defendant must be presently guilty of "a felony that is either a crime of violence or a controlled substance offense," and must have had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. 4B1.1. The guidelines define a "crime of violence" for these purposes to include "any offense under federal or state law punishable by imprisonment for a term exceeding one year that . . . is burglary of a dwelling . . . ." Id. at 4B1.2(1). ___ Georgacarakos' sole argument in his 2255 petition, and on appeal, is that this aspect of section 4B1's definition of "crime of violence" is impermissible. His reasoning, in summary, runs as follows. Before the sentencing guidelines were promulgated, Congress already had defined "crime of violence" in 28 U.S.C. 2901(c) as including "burglary or housebreaking in the nighttime." Burglary in the daytime, by implication, was excluded. Under 2901(g), a narcotics offender charged with a crime of violence could not be eligible for the civil commitment and rehabilitation programs governed by that chapter. Since Congress, in 28 U.S.C. 994(a), later directed that the Sentencing Commission promulgate sentencing guidelines "consistent with all pertinent provisions of this title and title 18, United States Code," the definition of "crime of violence" in 4B1 was impermissible to the extent that it was inconsistent with the earlier definition in 2901(c). Further, according to Georgacarakos, it would be unfair to subject defendants to such inconsistency in the treatment of burglary of a dwelling in the daytime. We reject Georgacarakos' argument, and affirm the decision of the district court, for the reasons stated in the district court's February 26, 1993 order and memorandum of opinion. Section 2901 expressly states that the definitions contained therein are for the terms "[a]s used in this -3- chapter," a chapter which is limited to civil commitment and rehabilitation of narcotics addicts. That section's definition of "crime of violence," therefore, does not govern any use of the same term outside that chapter. Consequently, the inconsistency between the definitions of "crime of violence" in 4B1 of the sentencing guidelines and in 2901(c) is perfectly permissible and does not run afoul of the requirement of 28 U.S.C. 994(a) that the sentencing guidelines be "consistent with all pertinent provisions" of Titles 18 and 28. Section 2901's definition of a "crime of violence" "[a]s used in this chapter" did not preclude Congress from choosing to define the term differently in a different context. The 2901(c) definition, therefore, was not a "pertinent provision" of Title 28 with which the sentencing guidelines had to be consistent. Indeed, as Georgacarakos himself concedes, Congress permissibly defined "violent felony" in the Armed Career Criminal Act ["ACCA"], 18 U.S.C. 924(e)(2)(B), as including simply "burglary," also a definition substantially different from the definition of "crime of violence" in 2901(c). According to Georgacarakos, "Had Congress [in 4B1] intended any other meaning than that given crime of violence in [ ] 2901, it would have created a new term, just as it created the term 'violent felony' when it enacted the Armed Career -4- Criminal Act . . . . Congress intended a different definition for that act so it created a term to fit its intentions. This is what Congress would have done [in 4B1] had it intended any other definition for crime of violence than the one it has had for two decades." Thus, by Georgacarakos' reasoning, if 4B1, like the ACCA, had simply used the term "violent felony" instead of "crime of violence," but with precisely the same substantive definition, there would be no problem. We will not, in these circumstances at least, attach so much importance to the labels placed on statutory concepts. The mere fact that 4B1 uses the same words -- "crime of violence" -- as in 2901(c) does not require any different result than if 4B1 employed some different label. Indeed, as we noted in United States v. Fiore, 983 F.2d 1 ______________ _____ (1st Cir. 1992), cert. denied, 113 S. Ct. 1830 (1993), "[t]he ____________ definition of 'violent felony' in the ACCA's sentence enhancement provision is the source of the language used in defining a 'crime of violence' under U.S.S.G. 4B1.2 (Nov. 1991). Decisions interpreting the ACCA constitute persuasive authority when a court is called upon to construe the career offender guideline." Id. at 3 n.2 (citations omitted). ___ The real crux of Georgacarakos' argument is that the choice of the label "crime of violence" must nevertheless be determinative because that label must logically carry with -5- it 2901(c)'s pre-existing definition of that term. As we have already ruled, this argument fails because 2901(c)'s definition is expressly limited to the term's use in that chapter. Nor do we see any adverse practical consequences of the presence of different definitions of the same term in these two contexts. As the district court pointed out, commission of a "crime of violence" under 2901 precludes a narcotics offender from participation in rehabilitation programs in lieu of imprisonment, whereas commission of a "crime of violence" under 4B1 may lead to career offender status under the sentencing guidelines, resulting in an enhanced sentence. These are two very different determinations that would not foreseeably overlap at all. For that reason, the differing definitions should create neither unfairness for offenders nor interpretive difficulties for courts. There is no genuine conflict between them. The district court's denial of Georgacarakos' motion under 28 U.S.C. 2255 is affirmed. ________ -6-