USCA1 Opinion

 

 June 18, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 93-1045 UNITED STATES OF AMERICA, Appellee, v. STEPHEN DYER, Defendant, Appellant. ___________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ _________________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ _________________________ Martin J. Ridge, with whom Beagle, Pearce, & Ridge was on ________________ _______________________ brief, for appellant. Margaret D. McGaughey, Assistant United States Attorney, ______________________ with whom Jay P. McCloskey, United States Attorney, and Jonathan _________________ ________ Chapman, Assistant United States Attorney, were on brief, for the _______ United States. __________________________ June 18, 1993 _________________________ Per Curiam. In this criminal appeal, defendant- Per Curiam. ___________ appellant Stephen Dyer challenges his sentence. He makes three claims. 1. Dyer contends that the career offender guidelines, U.S.S.G. 4B1.1, 4B1.2, impermissibly exceed the scope of 28 U.S.C. 994(h), the pertinent enabling statute and, therefore, could not validly be employed to enhance his sentence. The Third Circuit repudiated precisely the same asseveration in United ______ States v. Whyte, 892 F.2d 1170 (3d Cir. 1989), cert. denied, 494 ______ _____ _____ ______ U.S. 1070 (1990). We think the Whyte court correctly upheld the _____ career offender guidelines, and we reject appellant's argument on the basis of Whyte. See id. at 1174. _____ ___ ___ 2. Next, Dyer contends that his criminal record, though extensive, does not include two predicate offenses of the type necessary to animate the career offender guidelines. This argument was not presented to the district court and is, therefore, waived. See United States v. Dietz, 950 F.2d 50, 55 ___ _____________ _____ (1st Cir. 1991) (stating, in connection with sentencing, that "arguments not seasonably addressed to the trial court may not be raised for the first time in an appellate venue"). Moreover, even if we were to reach the point, we would reject it on the merits. Dyer concedes that he was convicted of a controlled substance offense coming within the ambit of U.S.S.G. 4B1.2(2).1 In addition, he was convicted of burglary ____________________ 1This offense is described in paragraph 78 of the presentence investigation report (PSI Report). 2 under 17-A M.R.S.A. 401(1) (a statute that criminalizes illegal entry into a structure).2 We have made it abundantly clear that such a crime is properly includable as a predicate offense for purposes of the career offender guidelines. See, e.g., United ___ ____ ______ States v. Fiore, 983 F.2d 1, 4 (1st Cir. 1992), cert. denied, 113 ______ _____ _____ ______ S. Ct. 1850 (1993). And, moreover, consistent with the caselaw, e.g., id. at 3; United States v. Bell, 966 F.2d 703, 705-06 (1st ____ ___ _____________ ____ Cir. 1992), we decline appellant's invitation to peek behind the conviction and examine its particular facts. See Taylor v. ___ ______ United States, 495 U.S. 575, 600 (1990).3 _____________ 3. Finally, Dyer contends that the district court impermissibly withheld an offense-level reduction based on acceptance of responsibility. See U.S.S.G. 3E1.1. The key ___ question under section 3E1.1 is not whether a defendant has mouthed "a pat recital of the vocabulary of contrition," but whether he has accepted full responsibility for his part in the offense of conviction by demonstrating "candor and authentic remorse." United States v. Royer, 895 F.2d 28, 30 (1st Cir. _____________ _____ 1990); accord, e.g., United States v. Uricoechea-Casallas, 946 ______ ____ ______________ ___________________ F.2d 162, 167 (1st Cir. 1991); United States v. Bradley, 917 F.2d _____________ _______ 601, 606 (1st Cir. 1990). The defendant has the task of proving ____________________ 2This offense is described in paragraph 52 of the PSI Report. 3We note in passing that appellant does not come within the narrow exception to Taylor, see 495 U.S. at 602, as he proffered ______ ___ neither the indictment nor the jury instructions for the district court's perusal. The appellate record is, of course, similarly barren. 3 his entitlement to an acceptance-of-responsibility credit, see ___ Bradley, 917 F.2d at 606, and the sentencing court's _______ determination to withhold the credit may be set aside only if it is clearly erroneous. See Royer, 895 F.2d at 29. ___ _____ We discern no clear error in this instance. Dyer did not appear for his appointed sentencing. He was thereafter apprehended in a hotel room, under an alias. Given Dyer's boycotting of the scheduled day of reckoning, the district court acted well within its lawful power in declining to award him credit for acceptance of responsibility. See, e.g., United ___ ____ ______ States v. Yeo, 936 F.2d 628, 628-29 (1st Cir. 1991). ______ ___ We need go no further.4 Having carefully reviewed the entire record, we conclude, without serious question, that the district court imposed an appropriate, lawfully constituted sentence. Affirmed. Affirmed. ________ ____________________ 4Since career offender status requires proof of only two prior convictions for predicate offenses, we need not consider whether, as the lower court ruled, the convictions described in paragraphs 50, 59a and 60, respectively, of the PSI, also qualify as predicate offense convictions. 4