# United States Court of Appeals
## For the First Circuit

No. 07-1030

UNITED STATES OF AMERICA,

Appellee,

v.

TIMOTHY BOARDMAN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Boudin, Chief Judge,

Lynch and Lipez, Circuit Judges.

Jaye L. Rancourt, by appointment of the court, with whom
Brennan Caron Lenehan & Iacopino was on brief for appellant.
Terry L. Ollila, Assistant United States Attorney, with whom
Thomas P. Colantuono, United States Attorney, was on brief for
appellee.

June 11, 2008

**BOUDIN, Chief Judge**. On June 27, 2006, Timothy Boardman pleaded guilty to one count of conspiracy to distribute heroin, 21 U.S.C. § 846 (2000); he was thereafter sentenced to 84 months' imprisonment by the federal district court for New Hampshire. He now appeals to contest his sentence.

Boardman argues that his two prior convictions for burglary (of a warehouse and a garage, respectively) should not have been considered predicate "crimes of violence" for purposes of the career offender provision of the sentencing guidelines, U.S.S.G. § 4B1.1, application of which substantially increased his guideline range. He also argues that in any event, the district judge had--but mistakenly thought he did not have--the discretion to deviate from the guideline range based on his view that the prior felonies should not be so treated.

This court's decision in United States v. Fiore, 983 F.2d 1 (1st Cir. 1992), cert. denied, 507 U.S. 1024 (1993), held that non-residential burglary is always a crime of violence under the guideline in question, id. at 4-5, and the district judge faithfully applied that precedent in this case. However, we have just agreed, in another pending case, United States v. Giggey, No. 07-2317, to reconsider en banc the holding of Fiore; were we to decide to change course, a remand would be necessary here too. However, Giggey, in which further briefing is being sought, cannot be argued and decided until the fall.

-2-

In the meanwhile, if Boardman's alternative argument is right, then he is entitled to resentencing regardless of whether Fiore is overturned.  See United States v. Rodriquez, 327 F.3d 52, 54 (1st Cir. 2003).  Because of time already served before and after the sentence was imposed, resentencing could result in a new sentence that would amount to immediate or imminent release.[1]  And because we think that the district judge has more authority than he thought even if Fiore stands, we think that a remand now serves the interests of justice without awaiting the outcome of Giggey.

After Boardman was sentenced, the Supreme Court held in Kimbrough v. United States, 128 S. Ct. 558 (2007), that district judges may deviate from the guidelines even on the basis of categorical policy disagreements with its now-advisory provisions. In Kimbrough, the disagreement was with the crack to cocaine ratio set forth in the guidelines, see id. at 570; here, the district judge's comments at the sentencing hearing suggest disagreement with this court's interpretation of the guidelines in Fiore to include non-residential burglary as a predicate for the career offender enhancement.

The district court properly recognized that it was bound by Fiore to treat the guideline as we had interpreted it; but we do

---

[1]Although his current sentence is 84 months and was imposed only in December 2006, he had by then already been held for a substantial period, normally credited against the sentence, and sought in district court a sentence of approximately 32 months.  He has already served more than 32 months.

not see why disagreement with the Commission's policy judgment (as expressed in the guideline as we interpreted it in Fiore) would be any less permissible a reason to deviate than disagreement with the guideline policy judgment at issue in Kimbrough.  The district court, of course, had no reason to anticipate Kimbrough's approach which overturned or called into question various rulings of this court and other circuits assuming that such guideline policy judgments were binding.

Of course the district court is still required to calculate and consider the guidelines range.  United States v. Jimenez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006) (en banc), cert. denied, 127 S. Ct. 928 (2007).  But because it has broader freedom that it did before Kimbrough and there is some explicit indication that it might well alter its sentence in light of that, we think a remand is warranted to permit the court to make its own decision now informed by Kimbrough.  Rodriguez, 327 F.3d at 54. This is so regardless of how Giggey is ultimately decided.

The government responds that the district court knew it had discretion, and in fact exercised it by varying downward by almost 50 months (from a guideline range of 140-175 months).  But the question is discretion to deviate on what grounds, and we think the district court (without the benefit of Kimbrough's clarification) underestimated what it was entitled to do.  The judge explicitly said that "if on appeal the Circuit believes that

-4-

I should have greater discretion . . . then I would go back and sentence the defendant to 33 months." The government insists that in fact the judge, if given the chance would <u>not</u> do so as long as <u>Fiore</u> stands, but we prefer to let him make that decision.

The district court may, of course, wish to postpone resentencing until after the en banc court decides <u>Giggey</u>; if so, it might or might not wish to release Boardman pending resentencing. Nothing in our decision is intended to suggest that a lesser sentence should be imposed or that Boardman should be released now, either definitively or provisionally. Our concern is that the district judge consider such issues with the additional latitude furnished by <u>Kimbrough</u>.

The sentence is <u>vacated</u> and the matter <u>remanded</u> to the district court for further proceedings consistent with this decision.

<u>It is so ordered</u>.