**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 07-2687

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ A. RIVERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

Before

Torruella, Selya, and Lipez,
Circuit Judges.

Jane Elizabeth Lee on brief for appellant.
Jennifer H. Zacks, Assistant U.S. Attorney, and Michael J. Sullivan, United States Attorney, on motion for summary disposition.

February 26, 2009

**Per Curiam**.  This is defendant's direct appeal from his sentence.  The sole issue that he raises is whether the district court underestimated the scope of its discretion--later clarified in Kimbrough v. United States, 128 S. Ct. 558 (2007), and United States v. Boardman, 528 F.3d 86 (1st Cir. 2008)--to "var[y] from the Guidelines based solely on the judge's view that the Guidelines range 'fails properly to reflect § 3553(a) considerations' even in a mine-run case," Kimbrough, 128 S. Ct. at 575 (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)), and, in particular, to "deviate from the guidelines . . . on the basis of categorical policy disagreements" with the career offender guideline, Boardman, 528 F.3d at 87.  If so, then a remand for resentencing may be warranted.  Moore v. United States, 129 S. Ct. 4, 5 (2008) (per curiam); Boardman, 528 F.3d at 88.  Of course, the district court is free to clarify this point on remand.

A threshold question is whether defendant adequately preserved this issue below, which determines the applicable standard of appellate review.  We need not decide that question because the more demanding plain-error standard is satisfied here. The record shows that the court felt powerless to disregard the career offender guideline on policy grounds in a "mine-run case" and also shows a "reasonable probability" that if the court had understood the full scope of its discretion, it would have imposed a lesser sentence.  United States v. Matos, 531 F.3d 121, 122-23

(1st Cir.) (applying the "reasonable probability" standard to unpreserved <u>Kimbrough</u> errors), <u>cert. denied</u>, 2008 WL 4898432 (U.S. Dec. 8, 2008).

Even after departing downward slightly on the ground that counting defendant's juvenile offenses overrepresented the seriousness of his criminal history, the court still felt that defendant's sentence was "way too long" and that "the Sentencing Commission picked these numbers out of the air, and . . . had no basis for [them]."  Yet, because it could not further distinguish defendant from other career offenders, the court believed that it could not vary below the already reduced guideline range without creating an unwarranted sentencing disparity between defendant's sentence and those of other career offenders sentenced by other judges.

That view, though a correct statement of the law in this circuit at the time, <u>see</u> <u>United States</u> v. <u>Caraballo</u>, 447 F.3d 26, 27-28 (1st Cir. 2006), was rendered plainly erroneous by <u>Kimbrough</u>. In particular, the <u>Kimbrough</u> Court expressly recognized that its holding might create sentencing disparity between similarly situated defendants, depending on individual judges' differing policy views, but characterized any such disparity as "a necessary cost of the remedy . . . adopted [in <u>United States</u> v. <u>Booker</u>, 543 U.S. 220 (2005)]."  <u>Kimbrough</u>, 128 S. Ct. at 574.

The district court's repeated characterization of the sentence imposed as "too long" further indicates that, had it understood the full scope of its discretion, it "might well" have imposed a lesser sentence. United States v. Heldeman, 402 F.3d 220, 224 (1st Cir. 2005). We therefore remand the case to give the district court an opportunity to resentence if and to whatever extent it deems appropriate in light of "the additional latitude furnished by Kimbrough." Boardman, 528 F.3d at 88.

The matter is remanded to the district court for further proceedings consistent with this decision. See 1st Cir. R. 27.0(c).