# United States Court of Appeals
## For the First Circuit

No. 07-1459

UNITED STATES OF AMERICA,

Appellee,

v.

JORGE ANTONIO MATOS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella, Circuit Judge,
and Stafford,[*] Senior District Judge.

Stuart W. Tisdale, Jr., with whom Tisdale & Davis, P.A., was on brief, for appellant.
Margaret D. McGaughey, Appellate Chief, with whom F. Mark Terison, Senior Litigation Counsel, and Paula D. Silsby, United States Attorney, were on brief, for appellee.

July 10, 2008

[*]Of the Northern District of Florida, sitting by designation.

**Stafford**, <u>**Senior District Judge**</u>.  Jorge Antonio Matos ("Defendant"), appeals from his sentence on a guilty plea to one count of conspiracy to distribute and to possess with the intent to distribute 50 grams or more of cocaine base.  We affirm.

Among other things, Defendant contends that his sentence was unreasonable because the district court did not address the reasonableness of the crack cocaine to powder cocaine ratio inherent in the Sentencing Guidelines ("Guidelines").  Because Defendant failed to raise this issue in the district court, we review for plain error.[1]  To vacate Defendant's sentence for plain error, we must find that (1) there was error; (2) the error was plain and obvious; (3) the error affected Defendant's substantial rights; and (4) the error impaired the fairness, integrity, or public reputation of the judicial proceedings.  <u>United States</u> v. <u>Duarte</u>, 246 F.3d 56, 60 (1st Cir. 2001).

In <u>Kimbrough</u> v. <u>United States</u>, 128 S. Ct. 558 (2007), the Supreme Court held that district courts are free to consider, as part of their analysis of the sentencing factors set forth in 18

---

[1] While conceding that defense counsel did not object to the trial judge's failure to consider the crack to powder disparity, Defendant maintains that plain error is not the appropriate standard of review because the judge purportedly failed to give defense counsel an *opportunity* to object.  According to Defendant, the judge went—in one breath—from announcing the applicable Guidelines range to pronouncing that he was going to sentence Defendant to a below-the-Guidelines sentence, thus allowing no time for defense counsel to raise the <u>Kimbrough</u> issue.  Review of the record convinces us, however, that defense counsel had ample opportunity to raise a <u>Kimbrough</u> issue.

-2-

U.S.C. § 3553(a), the 100:1 crack cocaine to powder cocaine ratio used by the Sentencing Commission in setting sentencing ranges under the Guidelines. Prior to Kimbrough, this court had held that a sentencing court was without authority to make a "categorical, policy-based rejection of the 100:1 ratio." United States v. Pho, 433 F.3d 53, 62 (1st Cir. 2006). In effect, Kimbrough changed the landscape in this circuit regarding the sentencing court's ability to depart from the Guidelines based on drug disparities.

Finding no on-point circuit precedent to guide our plain error analysis in a Kimbrough context, we turn to United States v. Antonakopoulos, 399 F.3d 68, 77-82 (1st Cir. 2005), wherein this court set forth standards of review applicable to unpreserved claims of sentencing error in the aftermath of United States v. Booker, 543 U.S. 220, 245 (2005) (holding that the Guidelines are advisory and not mandatory). In Antonakopoulos, the court determined that, to satisfy the third and fourth prongs of the plain error test in a Booker context, a defendant who is sentenced under a mandatory Guidelines system must demonstrate a reasonable probability that he would have received a more lenient sentence under an advisory Guidelines scheme.

Because we find no reason to treat plain error analysis in a Kimbrough context differently from plain error analysis in a Booker context, we conclude that Defendant here must demonstrate a reasonable probability that he would have received a more lenient sentence had the district court considered the crack to powder

-3-

cocaine disparity when sentencing Defendant. Defendant, however, points to nothing in the record, nor can we find anything in the record, to suggest that the district court would have imposed a more lenient sentence had it been asked to consider the crack to powder disparity. As explicitly stated by the district court, the circumstances of Defendant's offense and "the reasons for punishment in terms of deterrence, punishment, protection of the community, all of those . . . abundantly here justify the sentence that I'm going to impose." Defendant having thus failed to establish plain error, we decline to vacate Defendant's sentence based on his disparity argument.

Defendant also contends that the district court committed procedural error by failing to give a reasoned explanation for its choice of sentence, imposed an inherently unreasonable sentence given that Defendant is middle-aged and has no prior criminal history, and erroneously *presumed* that a Guidelines sentence was reasonable. We find no merit to any of these contentions.

We accordingly AFFIRM the judgment of the district court. We REMAND the case to the district court where Defendant may file, if he wishes, a motion for reduction in sentence pursuant to the recent Guidelines amendment that lowers the Guidelines sentencing range for certain categories of offenses involving crack cocaine. U.S.S.G. Amend. 706.