**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 06-2061

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ L. DÍAZ-FONTÁNEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Boudin, Stahl, and Lipez, Circuit Judges.

Charles F. Willson and Nevins & Nevins LLP, on brief for appellant.

Nelson Pérez-Sosa, Assistant U.S. Attorney, Germán A. Rieckehoff, Assistant U.S. Attorney, and Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief for appellee.

August 8, 2008

**Per Curiam**.   This is defendant's appeal from his resentencing under the now-advisory guidelines after United States v. Booker, 543 U.S. 220 (2005).  On appeal, defendant raises three arguments:  (1) that the district court erred in refusing to credit the time he had already served on a related local offense; (2) that the sentence imposed was unreasonably high because it failed to account for the guidelines' disparity in offense levels between crack and powder cocaine; and (3) that he is entitled to a reduction of his sentence under the recent amendments to the crack guidelines, which were made retroactive after his opening brief was filed.  We will consider each of these arguments in turn.

At resentencing, defendant asked that the time that he had already served on a related local firearms sentence be credited against his federal sentence under USSG § 5G1.3 (Nov. 1, 1992 ed.).[1]  The court summarily denied that request.  On appeal, defendant presses that argument, and the government concedes that a remand is warranted on that issue, albeit for a more limited purpose.  For the following reasons, we agree that, under the guidelines, defendant is entitled to credit for time served in state custody.

---

[1]In an amended plea agreement, entered into before defendant's original sentencing, the parties stipulated that the 1992 version of the guidelines should be applied, and the district court went along with that stipulation.  Therefore, unless otherwise indicated, all references to the sentencing guidelines herein will be to the November 1, 1992 edition.

Under application note 2 to USSG § 5G1.3, "the court should adjust for any term of imprisonment already served as a result of the conduct taken into account in determining the sentence for the instant offense." Later amendments to that guideline and commentary clarified[2] that the court should apply such a credit only if it determines that the state offense is "relevant conduct to the instant offense" and "has resulted in an increase in the . . . offense level for the instant offense," USSG, § 5G1.3, comment. (n.2(A)), as amended by Amendment 660 (effective Nov. 1, 2003), and that the Bureau of Prisons will not apply such a credit, USSG § 5G1.3(b), as amended by Amendment 535 (effective Nov. 1, 1995).

The first two requirements are clearly satisfied here. As to the first requirement, defendant's local firearms offense involved storing weapons used by members of the federal conspiracy at the various drug points of that conspiracy during the time period of the conspiracy. That offense was therefore "relevant conduct" within the meaning of USSG, § 1B1.3(a)(1)(A).

As to the second requirement, the local firearms offense did result in an increase in defendant's offense level under USSG § 2D1.1(b)(1). Although the court was not required to accept the

---

[2]Because those amendments were intended to be clarifying, USSG Manual, amend. 660, app. C, vol. II, at 410; amend. 535, app. C., vol. I, at 468, they "may be applied retroactively," United States v. Carrasco-Mateo, 389 F.3d 239, 245 (1st Cir. 2004).

-3-

parties' stipulation to that effect, it was entitled to do so, United States v. Teeter, 257 F.3d 14, 28 (1st Cir. 2001), and, in fact, did so. Therefore, contrary to the government's argument, no remand is required for the purpose of determining whether the court, in fact, increased defendant's offense level based on the local firearms offense for which he is seeking credit for time served.

As to the third requirement--that credit will not be given by the Bureau of Prisons--the record is unclear. At the time of resentencing, defense counsel had been unable to determine precisely how much time defendant had served on his state sentence before he was taken into federal custody and how much of that time had been credited to him by the Bureau of Prisons. Therefore, a remand is necessary to enable the district court to make those factual determinations and subtract any previously uncredited time from defendant's advisory guidelines sentence.

Next, defendant argues that his sentence is unreasonable because it fails to account for the disparity between the guideline offense levels for crack and powder cocaine offenses. Because that argument was not preserved below, it is reviewable only for plain error. United States v. Matos, 2008 WL 2687385, at *1 (1st Cir. July 10, 2008) (citing United States v. Antonakopoulos, 399 F.3d 68, 78 (2005)).

-4-

No such error occurred here, plain or otherwise. Although the Supreme Court recently held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes," Kimbrough v. United States, 128 S. Ct. 558 (2007), nothing in Kimbrough requires the district court to take such disparity into account in every crack case, particularly where, as here, the defendant did not seek a below-guidelines sentence on that or any other ground. United States v. King, 518 F.3d 571, 576 (8th Cir. 2008); see generally Gall v. United States, 128 S. Ct. 586, 599 (2007) (deeming "it . . . not incumbent on the District Judge to raise every conceivably relevant issue on his own initiative"); United States v. Alli, 444 F.3d 34, 41 (1st Cir. 2006) (declining to fault district judge for failing to consider factors that were not raised for his consideration).

Moreover, the remaining two prongs of the plain-error standard--"that this error affected defendant's substantial rights and would impair confidence in the justice of the proceedings," Antonakopoulos, 399 F.3d at 75--are not satisfied here. Defendant points to no "circumstances creating a reasonable probability that the district court would impose a different sentence more favorable to the defendant," id., if it realized that it could do so based on crack/powder disparity

-5-

"even in a mine-run case," Kimbrough, 128 S. Ct. at 575. There is no indication that the court felt constrained by the harshness of the crack guidelines as compared to those for power cocaine. Indeed, crack was never mentioned by either party or the court at any point during the resentencing hearing. Rather, the court clearly signaled its aversion to a lower sentence by emphasizing the seriousness of defendant's criminal record--including a murder conviction and two firearms convictions that were not counted in computing his criminal history score. The court's decision to reimpose the same 324-month sentence it had imposed under the mandatory guidelines, despite the fact that the guidelines range had been reduced (for reasons not relevant here) so that the sentence now fell in the middle rather than the bottom of the range, also "speaks volumes" about the court's disinclination to impose a lower sentence. United States v. McLean, 409 F.3d 492, 505 (1st Cir. 2005). Therefore, under the plain-error standard, no remand for resentencing under Kimbrough is warranted.

In further support of his crack/powder disparity argument, defendant points to the recent amendments to the crack guidelines, reducing the base offense levels for various quantities of crack by two levels, USSG, amends. 706, 711 (effective November 1, 2007), which were recently made retroactive, USSG, amend. 713 (effective Mar. 3, 2008). To the

extent that defendant is asking this court to apply the amended guidelines in assessing the reasonableness of his sentence, that request is misdirected. Motions for a reduced sentence based on newly promulgated, retroactive guidelines should be addressed, in the first instance, to the district court. See 28 U.S.C. § 3582(c); see also United States v. Connell, 960 F.2d 191, 197 (1st Cir. 1992).

Accordingly, this case is remanded to the district court for the limited purposes of: (1) determining the amount of time defendant had served on his related local firearms sentence before being taken into federal custody and how much of that time has not been credited to defendant by the Bureau of Prisons; (2) deducting any previously uncredited time from his 324-month advisory guidelines sentence; (3) considering and explaining whether the resulting sentence is "sufficient but not greater than necessary" to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a); and (4) if not, imposing a new sentence and explaining its reasons for doing so. In all other respects, the district court's judgment is affirmed. On remand, defendant may also file a motion to further reduce his sentence under 28 U.S.C. § 3582(c) and USSG § 1B1.10 as recently amended. Matos, 2008 WL 2687385, at *2. We express no view on the appropriate disposition of any such motion.