**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 09-1454

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ L. DÍAZ-FONTÁNEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Boudin, Stahl and Lipez,
Circuit Judges.

Charles F. Willson and Nevins & Nevins LLP on brief for appellant.
Nelson Pérez-Sosa, Assistant U.S. Attorney, Julia M. Meconiates, Assistant U.S. Attorney, and Rosa Emilia Rodriguez-Velez, United States Attorney, on brief for appellee.

December 18, 2009

**Per Curiam**. This is the defendant's appeal from his resentencing on remand from this court. Because the district court followed this court's remand instructions and did not otherwise err or abuse its discretion in resentencing the defendant, we affirm.

On the defendant's previous appeal, we held that, under the guidelines, the defendant might be entitled to credit for time spent in state custody. United States v. Díaz-Fontánez, No. 06-2061, 317 F. App'x 9, 10 (1st Cir. Aug. 8, 2008) (per curiam). In so holding, we relied on application note 2 to USSG § 5G13, which directs the sentencing court to "adjust for any term of imprisonment already served as a result of the conduct taken into account in determining the sentence for the instant offense." Id. However, because that adjustment applies only to time not credited by the Bureau of Prisons, id. at 10 (citing USSG § 5G1.3(b) as amended by amendment 535 (effective Nov. 1, 1995)), a remand was required to determine how much time the defendant had already served for his related state firearms offense and how much of that time would be credited to the defendant by the Bureau of Prisons ("BOP"). Id.

On remand, it was determined that the defendant had already served his entire state sentence by the time his federal sentence had been imposed and that the BOP would not

-2-

credit any of that time, 69 months and 19 days, against his federal sentence.  Although the state sentence had thus been fully discharged, and section 5G1.3 applies primarily to undischarged state sentences, the guidelines nevertheless permit the downward departure granted by the district court to account for that time, see USSG § 5G1.3, comment. (n.4), as the district court itself recognized.

However, there is no basis in section 5G1.3 for crediting the time spent in custody after the defendant's state firearms sentence was fully discharged but before he was sentenced for the instant federal offense.  The parties disagree on whether the defendant was in state or federal custody during that time.  However, either way, that time would not be creditable under section 5G1.3(b) because, once the defendant completed serving his state firearms sentence, he was not in custody for an offense "that was the basis for an increase in the offense level for the instant offense," an essential prerequisite for an adjustment under section 5G1.3(b).  Regardless whether or not the district court had discretion to vary downward to account for that time, it was not required to do so in calculating the defendant's guideline range.  And we see no abuse of discretion in rejecting the defendant's plea for a further credit on that basis.

The only other purported error pressed on appeal is the district court's failure to vary downward based on the guidelines' relatively harsh treatment of crack--as compared to powder--cocaine offenses.  The short answer to that argument is that while the district court may vary downward on that basis, "'nothing . . . requires the district court to take [the crack/powder sentencing] disparity into account in every crack case.'"  United States v. Gibbons, 553 F.3d 40, 46 (1st Cir. 2009) (quoting Díaz-Fontánez, 317 F. App'x at 11).  Here, the district court considered that and the other purportedly mitigating factors identified by the defendant but nevertheless concluded that the within-guidelines sentence imposed was no greater than necessary to serve the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  Given the violent nature of the defendant's criminal record, which was not fully accounted for in his criminal history score, and the fact that the court did reduce the defendant's sentence by more than ten years from the sentence previously imposed, we see no abuse of discretion in declining to reduce it even further.  "We will not disturb a well-reasoned decision to give greater weight to particular sentencing factors over others."  Gibbons, 553 F.3d at 47.

Consequently, the district court's judgment is affirmed.  See 1st Cir. R. 27.0(c).

-4-